Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania and George Ilgenfritz, Intervening Appellee *v.* Borger Steel Co., Appellant.

Argued March 8, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Donn I. Cohen*, with him *Liverant, Senft and Cohen*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, for appellee.

*Jerome H. Gerber*, with him *Ira H. Weinstock, James L. Cowden*, and *Handler, Gerber and Weinstock*, for intervening appellee.

OPINION BY JUDGE BLATT, May 2, 1977:

Borger Steel Company (Borger) appeals to this Court from a decision of the Unemployment Com-

pensation Board of Review (Board) which held that George Ilgenfritz, representative claimant for approximately forty employees of Borger, was eligible for unemployment compensation benefits during a six-week labor dispute because he was out of work as a result of a lockout.

Section 402(d) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(d), provides that:

An employe shall be ineligible for compensation for any week—

. . . .

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed. . . .

Both the referee and the Board found that the claimant was "ready, willing and able to continue working" at the Borger plant after the collective bargaining agreement between Borger and Local 430 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Union) expired on January 17, 1974. In affirming the decision of the referee, the Board made the following additional finding, crucial to the conclusion that the work stoppage was a lockout:

The claimant became unemployed when the employer refused to permit the claimant to work past January 17, 1974, until the labor dispute had been settled, and a new agreement signed.

The employer urges us to reverse the Board on the ground that the evidence shows the work stoppage to have been caused by a strike and not by a lockout.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, as amended, 43 P.S. §751 et seq.

The factual background of the labor dispute at Borger is uncontradicted. After several months of negotiation, no new agreement had been reached. On January 17, 1974, the day the existing bargaining agreement expired, the president of Borger presented a contract proposal to the Union and stated that the company would not continue to operate without a binding contract. The Union scheduled a ratification vote for January 19, and it was agreed by both Borger and the Union that the employees would work January 18. At the request of the Union, the president of Borger delivered a letter, which is now part of the record here, stating the company's position with respect to continuing operations at the plant:

> As discussed, we have agreed to have the plant continue operations through Friday, January 18, 1974, in order to accommodate your membership and enable them to convene on Saturday, January 19, 1974.
>
> If your member ship [sic] does not accept our latest proposal at this January 19, 1974 meeting, we feel that we have reached an impasse and our plant will discontinue operations.
>
> This letter will be your authority to notify your members that they are not to report to work beginning with the 11 P. M. shift on Sunday, January 20, 1974, if our proposal is not accepted.

The contract proposal was rejected by the Union at the January 19 meeting, and when employees reported to work on January 20, they found that the doors of the plant had been locked. The labor dispute continued until a new contract was executed on March 3, 1974.

The issue of whether a work stoppage results from a strike or from a lockout is a mixed question of law

and fact, and the Board's conclusion is, therefore, subject to review by this Court. *Aluminum Company of America v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 368, 305 A.2d 389 (1973). Our Supreme Court has held that in determining whether a work stoppage is a strike or a lockout, the following test should be applied:

Have the employees offered to continue working for a reasonable time under the pre-existing terms and conditions of employment so as to avert a work stoppage pending the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the pre-existing terms and conditions of employment pending further negotiations?

*Vrotney Unemployment Compensation Case,* 400 Pa. 440, 444-45, 163 A.2d 91, 93 (1960).

In *Philco Corp. v. Unemployment Compensation Board of Review,* 430 Pa. 101 at 103, 242 A.2d 454 at 455 (1968), the Supreme Court explained the test:

[L]ogically the test of whether a work stoppage resulted from a strike or a lock-out requires us to determine which side, union or management, *first* refused to continue operations under the status quo after the contract had technically expired, but while negotiations were continuing. (Emphasis added.)

Furthermore, neither side may issue an ultimatum without bearing the responsibility for the resulting work stoppage. *Unemployment Compensation Board of Review v. Sun Oil Co. of Pennsylvania,* 19 Pa. Commonwealth Ct. 447, 338 A.2d 710 (1975).

Obviously, it was the employer here who issued an ultimatum and who first refused to permit work to continue pending further negotiation on a new contract, but Borger argues that the Union's rejection

of its contract proposal on January 19 constituted a strike vote and that the work stoppage, therefore, took the form of a strike. On the other hand, we believe that the unemployment compensation authorities had sufficient evidence of record on which to base a finding that the vote actually did *not* signal a strike by the Union and that the Union was still willing to continue to work under the pre-existing terms and conditions of employment. We cannot, therefore, disturb the finding which is supported by such evidence. *Chambers v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 317, 318 A.2d 422 (1974).

Borger also argues that the Union had an affirmative duty under the *Vrotney, supra*, test to make a bona fide offer to continue working for a reasonable amount of time under an extension of the prior contract. In a similar fact situation in *Irvin Unemployment Compensation Case*, 198 Pa. Superior Ct. 308, 181 A.2d 854 (1962), the union there was not required to act where such an action would be in vain or useless in light of an employer's ultimatum. We do not believe a definite offer to continue work was required by the Union here because we believe that Borger's letter made it clear that such an offer would not have been accepted.

The essence of a lockout is the withholding of work by an employer in order to gain a concession from his employees. *McGinnis Unemployment Compensation Case*, 184 Pa. Superior Ct. 95, 132 A.2d 749 (1957). There is undisputed evidence in the record that Borger refused to continue operating unless its contract proposal was accepted, that its position was clearly communicated to the Union, and that Borger prevented its employees from entering their workplace after the proposal was rejected. We believe that this is sufficient evidence to support the findings of

the Board and we must conclude, as the Board did, that the work stoppage here was a lockout.

Borger's second argument on appeal is that the payment of unemployment compensation benefits in lockout cases is preempted by the Labor Management Relations Act[2] and the Supremacy Clause of the United States Constitution. This Court has considered in detail and rejected an identical argument in *Unemployment Compensation Board of Review v. Sun Oil Co. of Pennsylvania*, 19 Pa. Commonwealth Ct. 447, 338 A.2d 710 (1975) (allocatur granted). Moreover, our review of the federal cases since our decision in *Sun Oil, supra,* reveals no further clarification of Congressional intent to preempt the payment of unemployment compensation made in accordance with Section 402(d) of the Pennsylvania Unemployment Compensation Law. We continue to hold, therefore, that the payment of benefits to persons out of work because of a lockout is not preempted by federal law.

The appeal of Borger must be dismissed, and the decision of the Board granting benefits to this claimant is hereby affirmed.

ORDER

AND Now, this 2nd day of May, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.

———

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I agree with the majority that the work stoppage in question constituted a lockout. I dissent from the majority view that payment of benefits has not been preempted by Federal law as discussed and resolved by the majority in this case and *Unemployment Compensation Board of Review v. Sun Oil Co. of Pennsyl-*

[2] 29 U.S.C.A. §141 et seq.

*vania,* 19 Pa. Commonwealth Ct. 447, 338 A.2d 710 (1975) (allocatur granted).

Judge Mencer joins in this dissent.