Robert F. Kerner et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. A. E. Staley Manufacturing Co., Intervenor.

Argued March 1, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Allen A. Pechter, Pechter, Stief & Waite,* for petitioners.

*Harry Reagan,* with him *William J. Flannery, Morgan, Lewis & Bockius,* for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 4, 1982:

Robert Kerner appeals an Unemployment Compensation Board of Review order which found him[1] to be ineligible for benefits under Section 402(d) of the Unemployment Compensation Law.[2] We affirm.

A. E. Staley Manufacturing Co. employed Kerner, a union member, under a collective bargaining agreement set to expire on February 6, 1979. The union and Staley began to negotiate a new contract on December 14, 1978. At the first meeting, the union re-

---

[1] This is by agreement of the parties, a token appeal by Kerner on behalf of the union members similarly situated.

[2] The Pennsylvania Unemployment Compensation Law, Section 402(d) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).

quested an extension of the existing contract should the parties fail to reach an agreement. Staley declined to discuss this possibility, considering it premature. The union made the same request on January 17th and received the same response. This was the last request made by the union for an extension of time on the existing contract.

On February 1st, at a general membership meeting, the proposed contract submitted by Staley was rejected. On February 4th, the union informed Staley by phone that the proposal had been rejected and that the union would strike. On February 5th, the union and Staley met for the last time; no agreement was reached and no proposal was put forth by the union to continue working under the terms of the expired contract. The union notified Staley that a work stoppage would begin on February 6th because Staley had failed to grant an extension of the contract. Following this notice, Staley sent all workers home paying them for the final day of their contract.[3]

We are presented with the issue of whether this work stoppage was a strike or a lockout. Section 402 of the Law provides:

> An employee shall be ineligible for compensation for any week —
>
> . . . .
>
> (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested

---

[3] The record indicates that the employees were sent home because the employer feared sabotage to his plant in the final day preceding the strike.

in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

The question of whether or not the work stoppage was the result of a strike or lockout is a mixed question of law and fact subject to this Court's review. *Unemployment Compensation Board of Review v. Borger Steel Company*, 30 Pa. Commonwealth Ct. 75, 78, 372 A.2d 969, 971 (1977). In determining eligibility, the claimant bears the burden to prove that the stoppage resulted from a lockout by the employer.

Here, because Kerner failed to sustain this burden, our scope or review is limited to a determination of whether the facts as found by the Board can be sustained without a capricious disregard of competent evidence. *Dennis v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

The Board made the following findings of fact:

6. On or about January 17, 1979, a further negotiating session was held between labor and management at which time the union raised the question of extending the contract. The employer in rejecting the proposal for the second time stated that an extension of the contract could be discussed during the "couple of days" before the contract was scheduled to expire.

....

11. On February 5, a final meeting took place between labor and management in the presence of a labor mediator. No agreement was reached at this meeting and there was no proposal forthcoming from the union to continue working under the terms of the expiring contract.

12. Throughout the period of the strike, work was available for strikers under the same terms and conditions as had been in effect under the expired collective bargaining agreement.

In making these findings the record supports the conclusion that there was no capricious disregard of evidence by the Board. Unhappily for the union, the Board's legal conclusion that, if the union had seriously wished to avert a strike it should have proposed an extension during the last minutes of negotiation,[4] is also supported by the evidence.

---

[4] In the Board's conclusions of law it stated:

In this instant appeal, a review of the testimony shows that on two occasions labor proposed an extension to the work contract. Management declined both proposals because there was ample time to have the parties reach agreement through continued bargaining.

It is the opinion of this Tribunal that the sincerity of these proposals could have been demonstrated by the union when it became apparent, during last minute negotiations, that agreement had not and could not be reached. Since no last minute proposal was received from labor, the responsibility for the work stoppage must lie on the workers.

Kerner has asserted that the letter notifying the employer that a strike was to occur because no extension of the contract was granted was proof of the fact that the union was willing to continue under the status quo. He also asserts that the Board capriciously disregarded evidence in not considering this letter, however we find the above reasoning of the Board to be sound and supported by the evidence, thus Kerner's assertion is without merit.

Kerner asserts that, when Staley sent the employees home, this constituted a lockout. He also asserts that Staley's previous extension policy and its assertions during negotiations that an extension would only be for the purpose of finalizing details once an agreement had been substantially reached, made it futile for the union to request an extension.[5] "This Court has held that where a work stoppage takes the form of a strike and a constructive lockout is alleged, the employees have the burden to demonstrate their willingness to maintain the status quo and the employer's refusal to do so." *Grzech v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 9, 14, 423 A.2d 1364, 1367 (1981). This Court further stated:

> There was a factual dispute as to what occurred. Because the Board agreed with the employer's version doesn't mean it *disregarded* the Petitioner's evidence; rather, the Board gave less credence to it. That was the Board's prerogative. (Emphasis in the original.)

*Id.* at 16-17, 423 A.2d at 1368.

We have also held that where the issue of who was at fault in causing the eventual work stoppage can arguably be laid on the shoulders of both parties, that compensation must be denied. *Id.* at n. 2.

Affirmed.

---

[5] This appears to be an attempt by Kerner to argue that the futility doctrine would be applicable here. *See Unemployment Compensation Board of Review v. Borger Steel*, 30 Pa. Commonwealth Ct. 75, 372 A.2d 969 (1977). In light of the Board's findings and the record in this case, we conclude this doctrine is inapplicable here.

138

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-1881722 dated September 30, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.