Lawrence Yurick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BLATT, sitting as a panel of three.

*Leon Ehrlich,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *John T. Kupchinsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 28, 1984:

Lawrence Yurick appeals an Unemployment Compensation Board order which affirmed a referee's denial of benefits to Yurick. We reverse and remand.

Yurick, a member of the Baker's Confectionary and Tobacco Worker's Union, was last employed as a baker by Spaulding Bakeries, Inc. While Spaulding and the union were negotiating a collective bargaining

agreement, Spaulding transferred machinery from the plant in which Yurick worked to an out-of-state plant. In light of this action, the day after the contract expired, the union held a vote to determine whether to continue work. Yurick was a participant in both the unanimous vote to discontinue work and the resulting picket lines.

When a claimant's employment is interrupted by a work stoppage arising out of a labor dispute, the claimant bears the burden of proving that the stoppage resulted from a lockout. *Kerner v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 132, 448 A.2d 666 (1982).

The sole issue before us[1] is whether Yurick's unemployment stems from a work stoppage resulting from a labor dispute or a lockout.

Section 402(d) of the Unemployment Compensation Law provides:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lockout) at the factory, establishment or other premises at which he is or was last employed. . . .[2]

The test to determine whether a work stoppage is the product of a strike or a lockout is set forth in

---

[1] Where the party with the burden of proof did not prevail below, our review is limited to a determination of whether the Board's findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Rowles v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 613, 425 A.2d 492.

[2] Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d).

*Philco Corp. v. Unemployment Compensation Board of Review,* 430 Pa. 101, 242 A.2d 454 (1968). Under this test, we decide whether the union or management initially refused to continue operations under status quo, once the contract had expired, but while negotiations continued.

On the day after the expiration of the union contract, but prior to the union vote, the company president sent Yurick a letter encouraging him to vote in favor of continuing work under the same terms and conditions while negotiations continued. Significantly, the letter stated that work would be available should the employees vote to continue working.

Yurick contends that Spaulding did not attempt to maintain the status quo and that it was responsible for the initial discontinuance of operations. He argues that, prior to the strike vote, Spaulding had effectively deprived him of work by transferring equipment and materials to another plant.

If Spaulding had removed baking ingredients and production equipment so that operations became virtually impossible, then Spaulding's actions would constitute a lockout. The referee's finding of fact that "certain" plant equipment was transferred before the strike is inadequate. Whether this equipment was vital to the functioning of the bakery is unknown in the record. Spaulding's promise of future employment for the workers if they vote not to strike would be of little consequence if in actuality the jobs were non-existent.

We are unable to determine whether the stoppage was the result of a strike or a lockout absent specific findings of fact which detail the adequacy of the plant's facilities at the time the Spaulding letter was received.

Reversed and remanded.

496

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-200141 dated October 9, 1981, is hereby reversed and remanded.

Jurisdiction relinquished.