John E. Quinn (Lead Test Case) et al., and other situated members of the Oil, Chemical & Atomic Workers International, Local 8-373, Petitioners v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Martha F. Lindner, Brady, Lindner & Cullen,* for petitioners.

*Charles Hasson,* Acting Deputy Chief Counsel, for respondent.

*Richard E. Geschke, Jr.,* with him, *Karl A. Fritton, Sprecher, Felix, Visco, Hutchison & Young,* for intervenor, Purex Corporation.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 24, 1985:

A referee denied test claimant John E. Quinn[1] benefits because the work stoppage in which he participated was found to be a strike and not a lockout.[2] The Unemployment Compensation Board of Review affirmed this determination. Quinn appeals; we affirm.

[1] Quinn represents a class of approximately 180 Oil, Chemical & Atomic Workers International Union members employed at the Purex plant.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).

Quinn, a pipefitter, is a member of the Oil, Chemical & Atomic Workers International Union, Local 8-373. Its three-year contract with Purex Corporation expired on March 31, 1984, at which time the Union established picket lines. The referee found that the Union rejected Purex's offer of continued employment under the pre-existing terms and conditions while negotiations proceeded.

The question of whether a work stoppage is the result of a strike or lockout is a mixed question of law and fact subject to this Court's review. *Unemployment Compensation Board of Review v. Borger Steel Co.*, 30 Pa. Commonwealth Ct. 75, 78, 372 A.2d 969, 971 (1977). In determining eligibility, the claimant bears the burden of proving that the stoppage resulted from a lockout by the employer.

The Board having found that the Union failed to sustain its burden, our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence or whether an error of law was made by the Board. *Dennis v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

When analyzing work stoppage situations, the test to be applied is as follows:

Have the employees offered to continue working for a reasonable time under the pre-existing terms and conditions of employment so as to avert a work stoppage pending the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the pre-existing terms and conditions of employment pending further negotiations? If the employer refuses to so extend the expiring contract and maintain

the status quo, then the resulting work stoppage constitutes a 'lockout' . . . .

*Vrotney Unemployment Compensation Case,* 400 Pa. 440, 444-45, 163 A.2d 91, 93-4 (1960).

The Union contends that the employer created a constructive lockout by refusing to extend the pre-existing terms and conditions of the prior contract. It argues that Purex permitted the physical condition of the plant to deteriorate over the three years of the prior contract to a point where it became impossible for its members to work safely. *Southerland Unemployment Compensation Case,* 202 Pa. Superior Ct. 149, 195 A.2d 138 (1963).[3]

The Board rejected this argument because it found that economic conditions were the primary cause of the work stoppage and because the parties agreed that the safety conditions would be examined by a separate committee outside the economic negotiations. We agree.

Our review of the record reveals substantial evidence supporting the Board's findings and its legal conclusions. The contract initially proposed by the Union contained no mention of health or safety problems. The Union president testified that if the employer had accepted the economic proposals, its employees would have returned to work. Moreover, a joint committee was formed to address the safety problems, and the plant personnel manager testified that it was mutually agreed that the safety issue had been taken out of the negotiations. Questions of credibility are left to the referee and the Board. *Rosenberg v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 455, 459, 376 A.2d 1018, 1021 (1977).

---

[3] In *Southerland,* the employees instituted a work stoppage *during* the existence of a valid contract. In the matter sub judice, the contract has expired and the *Vrotney* test controls.

The physical condition of the plant was not the primary reason for the work stoppage.[4] The Union's refusal to continue working under the terms of the expired contract for a reasonable length of time breached the status quo. *Bermudez v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 602, 457 A.2d 190 (1983). We hold that the Board did not err in concluding that the work stoppage by the Union constituted a strike.

Affirmed.

ORDER

The Unemployment Compensation Board of Review order, No. B-233565 dated August 16, 1984, is affirmed.

---

[4] Although it appears that the safety and health conditions are serious at the plant, they have existed for some time and the economic conditions were the cause of the work stoppage.