506 A.2d 1022

Lonnie K. Celli et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 12, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Henry R. Beeson*, for petitioners.

*James K. Bradley*, Associate Counsel, with him, *Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 3, 1986:

Lonnie K. Celli and other similarly situated claimants[1] appeal Unemployment Compensation Board of Review orders denying them benefits because the

---

[1] William Morris, James E. Sumey, Robert A. Brady, James D. Russell, Jr., Edward M. Pluto, John J. Todak, Eugene J. Ozanich, David Mudery, Joseph B. Spak, Edwin E. Victor, William M. Morris, Jr., Elias Deeb, Michael Arndt, Dwayne R. Hair and David J. Wolfe.

work stoppage in which they participated was determined to be a strike and not a lockout for the period during which they applied for compensation.[2] Section 402(d) of the Unemployment Compensation Law.[3] We affirm.

The claimants were truck drivers for the Georjan Trucking Company of Uniontown. All are members of Local 491 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The claimants commenced the work stoppage on September 30, 1983. At a negotiating session on November 22, 1983, the terms of a tentative labor management agreement had been reached, reduced to writing, and forwarded to the employer's attorney. The Board found that the employer refused to sign the final draft of the agreement because three non-economic items, tentatively agreed to, had been omitted from the final draft of the agreement.[4] On November 25, 1983, the Union removed its pickets from the employer's premises. However, the Board also found that (1) the Union did not notify the employer on November 25th or thereafter that the employees were willing to work under the same conditions and terms existing prior to the work stoppage and (2) work was available to the claimants on that day and thereafter.

The Board having found that the Union failed to sustain its burden of proving that the work stoppage was a

---

[2] The Board cited its decision denying Celli benefits as determinative in its summary affirmances in the other claim appeals.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d).

[4] The employer wanted (1) permission himself to drive a truck, (2) responsibility for overload fines placed upon drivers, and (3) a period of thirty days—rather than three days—to elapse before a senior employee whose truck was disabled could "bump" a junior employee from his truck.

lockout, our scope of review is limited to determining whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence and whether an error of law was committed. *Dennis v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

The claimants contend that the Board erred in not concluding that the work stoppage was converted from a strike to a lockout when the employer refused to call back the employees after the economic issues were settled. We disagree.

Whether a work stoppage results from a strike or lockout is a mixed question of law and fact subject to this Court's review. *Unemployment Compensation Board of Review v. Borger Steel Co.,* 30 Pa. Commonwealth Ct. 75, 78, 372 A.2d 969, 971 (1977).

When analyzing work stoppage situations, the essential questions to be answered are:

> Have the employees offered to continue working for a reasonable time under the preexisting terms and conditions of employment so as to avert a work stoppage pending the *final* settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the preexisting terms and conditions of employment pending further negotiations? If the employer refuses to so extend the expiring contract and maintain the status quo, then the resulting work stoppage constitutes a 'lockout'....

*Vrotney Unemployment Compensation Case,* 400 Pa. 440, 444-45, 163 A.2d 91, 93-94 (1960) (emphasis added).

Our review of the record reveals that there was no final settlement of the labor dispute. The draft agreement was tentative, had not been executed and was

unratified. The fact that only non-economic issues remained unresolved when the employees removed their picket lines on November 25, 1983, does not transform the strike into a lockout simply from the employer's failure to call back the workers. Because negotiated issues remained to be resolved, the labor dispute persisted. For the strike to become a lockout, the employees would have had to offer to return to work under the terms of the old agreement. The Board found that no such offer was made.

The Board's orders are affirmed.

ORDER

The Unemployment Compensation Board of Review orders, Nos. B-231217 through B-231233 dated June 1, 1984, are affirmed.