Fred P. Gusoff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Samar Fashions, Respondents.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Gary M. Gusoff,* for petitioner.

*Steven R. Marcuse* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., November 14, 1980:

Fred P. Gusoff (claimant) appeals to this Court after his claim for unemployment benefits was denied at all levels by the compensation authorities under Section 402(e), the willful misconduct provision of the Unemployment Compensation Law.[1]

The claimant was last employed as a packer for Samar Fashions from April 3, 1978 until April 12, 1979, when he was discharged for failure to follow work instructions from his employer. The Bureau of Employment Security, the referee and the Board each found that the claimant's conduct amounted to "willful misconduct," thus rendering him ineligible for compensation under Section 402(e).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The record shows that on April 10, 1979, two days before his discharge, the claimant was instructed not to remove sweaters from their individual packages when packing the sweaters into boxes. The claimant acknowledged that he disregarded these instructions, even after the employer informed him a second time not to unpack the sweaters while preparing them for shipment. The claimant's justification for not following the instructions was that the sweaters would fit into the boxes better if they were not wrapped in packages. The Board and referee also found that on another occasion, the claimant did not comply with the employer's instructions to stamp "pack and hold" dates on cartons to be shipped because the claimant did not think it necessary to do so. On still another occasion, the claimant removed bundles from the wrong bin after being told by the employer which bin from which to remove bundles for shipment.

The Board affirmed the referee's finding of willful misconduct and concluded that the claimant repeatedly disregarded clear and simple instructions from his employer without good cause. We agree.

Although the term "willful misconduct" is not defined in the Law itself, it is now well settled that the refusal of an employee, without good cause, to obey the reasonable directive of his employer constitutes willful misconduct.[2] *Jimenez v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 434, 417 A.2d 870 (1980). To avoid being disqualified for benefits on the basis of Section 402(e) the unemployment compensation claimant must establish that he had good cause for his refusal to comply with an employer's work request. *Mitsch v. Unemployment Compensation Board of Review*, 53 Pa. Com-

---

[2] There is no indication from the evidence in the record, nor does the claimant contend, that the employer's requests were not reasonable.

monwealth Ct. 547, 417 A.2d 1347 (1980). We do not believe that the justifications proffered by this claimant for his failure to follow instructions on the occasions in question can be said to constitute good cause. We further believe that the record supports the conclusion drawn by the Board that the claimant's conduct on those occasions constituted willful misconduct so as to sustain a denial of unemployment compensation benefits.

### ORDER

AND Now, this 14th day of November, 1980, the order of the Unemployment Compensation Board of Review, dated August 17, 1979, at Decision No. B-174-944 is affirmed.

