Mary Fetrow, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Maple Press, Respondents.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Allen H. Smith,* for petitioner.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper &
Barber,* for respondent, Maple Press and Pennsylvania Manufacturers' Association Insurance Company.

OPINION BY JUDGE PALLADINO, February 11, 1981:
Claimant appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's denial of benefits on the ground that claimant failed to prove that her disability was the result of a work-related injury.

Claimant filed the instant claim petition on June 3, 1978, alleging that while carrying a large quantity of books at work on March 3, 1978, she suffered severe pain in her hip which required her to be admitted to the York Hospital. At the hearing before the referee, the claimant amended her petition to show that the alleged work-related injury occurred in November, 1976, when she lost her balance and fell to the floor while reaching for work materials. The referee found the claimant to be temporarily totally disabled from the date she was admitted to York Hospital to the present, but that the disability was not work related.

The testimony offered before the referee is contradictory in many respects. The claimant testified that a co-worker witnessed the fall in 1976 and that the incident was promptly reported to her supervisor. The supervisor testified that he had never been notified of any falls, and the co-worker denied having witnessed any accidents suffered by claimant. The co-worker testified that her previously signed statement saying that she witnessed the claimant's fall in 1976 was untrue. Dr. Gailey, the claimant's medical expert, testified by way of deposition that x-rays of claimant's back showed she had a ruptured disc. While Dr. Gailey's testimony was informative of claimant's disability, the referee found that it failed to show any causal relationship between the disability and the alleged fall in 1976.

The sole issue on appeal is whether the referee capriciously disregarded competent evidence in denying benefits to the claimant. After a careful review of the record, we are convinced that the referee adequately considered all the evidence presented in reaching his decision.

It is well established that the referee is vested with broad discretion to assess the credibility of evidence and resolve problems of conflicting testimony.

*American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Furthermore, ,

> [i]f the testimony accepted constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *see e.g.*, Workmen's Compensation Appeal Board v. Auto Express, Inc., 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975), we are precluded from disturbing findings supported by the testimony even though there is evidence to the contrary. *See* Padilla v. Chain Bike Corp., 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

*Id.* at 595, 377 A.2d at 1010.

In this case, we cannot say that the referee's decision to accept the testimony of a co-worker and a company supervisor over that of the claimant was unreasonable. On the contrary, claimant's last-minute decision to change the date of the alleged work-related injury casts substantial doubt upon the reliability of her testimony.

In addition, in a case such as this where the injury was not obviously caused by the employment, unequivocal medical evidence must be produced to establish a causal relationship. *American Refrigerator Equipment Company, supra.* The referee concluded that the claimant's medical witness was not only equivocal, but in fact virtually silent as to the specific cause of claimant's disability. We agree and hold that the referee did not capriciously disregard competent testimony in arriving at his decision to deny benefits.

Accordingly, we will enter the following

ORDER

AND Now, February 11, 1981, the order of the Workmen's Compensation Appeal Board, dated October 31, 1979, is affirmed.