Francis Hartman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Catherine J. Garbus,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, February 8, 1983:

This is an appeal by Francis Hartman (Claimant) from the order of the Unemployment Compensation Board of Review which affirmed the decision of a referee to deny unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

Claimant was employed by Proctor & Gamble Paper Products Company (Employer) for ten years as a janitor. On his last day of work, May 6, 1980, Claimant was fired because he dry-buffed a floor. Employer had frequently instructed Claimant that floors must be spray-buffed since this method does not remove all the wax or leave a residue. Despite warnings from the Employer on prior occasions, Claimant again ignored the instructions to spray-buff because he believed his method (dry-buffing) was faster. The referee concluded, and the Board agreed, that Claimant was discharged because of willful misconduct thereby rendering him ineligible for benefits.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Before this Court, Claimant argues that his conduct did not constitute willful misconduct. The burden of proving willful misconduct is on the employer. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). When, however, the employee attempts to justify a breach of a work rule or an employer's order by showing that his failure to observe it was reasonable, or the order unreasonable, he bears the burden of proving such justification. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Disregarding clear and simple instructions without good cause constitutes willful misconduct. *Gusoff v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 539, 422 A.2d 238 (1980). The refusal of an employee to follow orders will constitute willful misconduct unless the orders are unreasonable or the employee has a good reason for his actions. *Tisak v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 399, 424 A.2d 635 (1981).

Following a careful review of the record, we find no indication, nor does Claimant argue, that the Employer's instructions were unreasonable. Further, Claimant's belief that his method of buffing the floors was better does not provide good cause for disregarding the Employer's instructions.

ORDER

Now, February 8, 1983, the order of the Unemployment Compensation Board of Review at number B-186700, dated August 8, 1980, is hereby affirmed.