Angelo Bermudez et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Norton Branard,* with him, *Richard Syre,* for petitioner.

*Charles Donahue,* Associate Counsel, with him, *William Kennedy,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 16, 1983:

This is an appeal by Angleo Bermudez (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which reversed the order of a referee and denied unemployment benefits due to Claimant's labor-dispute related work stoppage. For the reasons which follow, we affirm the decision and order of the Board.

Claimant's appeal has been selected as the lead case for a group of similarly situated claimants who were employed by Master Chef Food, Inc. (Employer). Claimant is a member of Teamsters, Local 115 (Union). A collective bargaining agreement between the Union and the Employer expired on December 19, 1979. Following that date, Claimant continued to

work under the terms of the expired agreement while negotiations toward a new agreement were undertaken. On January 3, 1980, Claimant went on strike when a memorandum agreement which had been produced by the parties' negotiators was rejected by the Union. Thereafter, the bargaining agents produced a second tentative agreement, which was rejected by the Employer on January 11, 1980. Claimant continued the labor action because work was available only under the terms of the expired agreement rather than under the terms of the latest tentative agreement.

Section 402(d) of the Unemployment Compensation Law disqualifies a claimant if "his unemployment is due to a stoppage of work, which exists because a labor dispute (other than a lock-out) at the factory, establishment or premises at which he is or was last employed."[1] Conflicting testimony was received by the referee who found that the work stoppage beginning on January 11th was the result of a lockout by Employer. Following oral argument and a review of the record, however, the Board reversed that finding, concluding instead that the work stoppage was due to Claimant's refusal to work under the terms and conditions of the expired agreement. Claimant argues that the referee's finding was supported by substantial evidence and, therefore, should be controlling. In an unemployment compensation case, however, it is the Board which is the ultimate finder of fact. The Board has the power to affirm, modify or reverse the determination of the referee. *Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975).

To avoid responsibility for the work stoppage under the Unemployment Compensation Law, employees must offer to continue to work under the terms of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §802(d).

expired agreement for a reasonable time, and the employer, to avoid responsibility, must permit work to continue under the terms of said agreement for a reasonable time, pending further negotiations.[2] *Vrotney Unemployment Compensation Case,* 400 Pa. 440, 163 A.2d 91 (1960). Here, the employees refused to work under the terms of the expired agreement and initiated the work stoppage.

### ORDER

Now, March 16, 1983, the order of the Unemployment Compensation Board of Review, number B-19-1104, dated January 6, 1981 is hereby affirmed.

---

[2] Whether or not the parties fulfilled their obligation to bargain in good faith is not an issue here. *See Hogan Unemployment Compensation Case,* 169 Pa. Superior Ct. 554, 83 A.2d 386 (1951).