Faye Jean Fike, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Margaret Gentile, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*David J. Flower,* for petitioners.

*Jonathan B. Sprague,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 15, 1983:

Before this Court are the consolidated appeals of Faye Jean Fike and Margaret Gentile (Claimants) from decisions and orders of the Unemployment Compensation Board of Review (Board) denying them benefits based on the conclusion that they had engaged in disqualifying "willful misconduct" under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Board's decision to deny Claimants benefits in each instance was predicated on the following findings of fact:[1]

1. The claimant was last employed as a clerk by 21st Century Appraisals, Inc. for ap-

---

[1] The Board made identical findings in the order pertaining to each claimant except for finding of fact number six which is indicated otherwise.

proximately three and one-half years at a final rate of \$5.3254 per hour, and her last day of work was October 1, 1980.

2. The claimant performed her work in the Somerset County Assessor's Office.

3. The claimant's regular starting time was 8:30 a.m.

4. On October 1, 1980, prior to the work day, the claimant was engaged in giving a hair treatment to an employee of the County Assessor's Office.

5. The claimant had been warned against tardiness in the morning and returning to work late after breaks.

6. On October 1, 1980, the claimant reported to her desk to begin working at . . . [9:10 a.m., Gentile and 9:30 a.m., Fike] and was discharged.

In their appeal to this Court, Claimants assert that the Board's conclusion of "willful misconduct" is in error as it is arbitrary, capricious and based on hearsay.

The burden of establishing that an employee was discharged for "willful misconduct" such that will disqualify her from receipt of unemployment compensation rests with the employer. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Whether certain conduct constitutes "willful misconduct" is a question of law subject to this Court's review. *Nolan v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981). An employee's conduct will not be deemed disqualifying "willful misconduct" if the employee establishes that there was good cause for her actions. *Frumento*

*v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

In the case at bar, a review of the record discloses that the testimony of Claimants themselves adequately supports the findings of the Board.[2] Whereas tardiness which is accompanied by past violations and warnings may constitute "willful misconduct," *Stechly v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 545, 425 A.2d 481 (1981), we must affirm the Board's decision insofar as the employer's initial burden of establishing "willful misconduct" is concerned. Moreover, the fact that, on past occasions of tardiness the employer permitted Claimants to make up for lost time by working late or coming in early is of no consequence. Claimants knew or should have known from the specific warnings against tardiness by their supervisor that such conduct woud not be tolerated and therefore the failure of the employer to discipline them for past transgressions by itself in no way excuses their conduct.

Claimants however, also presented testimony which indicates that, as employees of 21st Century Appraisals, they were involved on a continuing basis in Somerset County's assessment operations. Employees of the County Assessor's Office were also involved in these operations and the necessarily close degree of interaction between Claimants and these employees allegedly led them to believe that, while a Mr. Prince of 21st Century Appraisals was their superior, they were also subject to the control of the

---

[2] Hence, Claimants' hearsay objection which stems from the entering into evidence of testimony by the employer which was read from a letter from a party not at the hearing, is moot. *See Chinn v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 582, 426 A.2d 1250 (1981).

Chief Assessor for the County, Margarite Enfield. It was ostensibly at the request of Mrs. Enfield, and because of assurances by her that the matter would be cleared with Mr. Prince (a clearance which was never obtained because Mrs. Enfield suffered a heart attack) that Claimants agreed to give the hair treatment to the County employee which resulted in the tardiness for which they were discharged. The averred acquiescence in the request of one who may have been reasonably perceived as being a supervisor for purposes of employment clearly raises the issue of whether Claimants had good cause for their actions. See Stevens v. Unemployment Compensation Board of Review, 44 Pa. Commonwealth Ct. 242, 403 A.2d 221 (1979). Accordingly, the Board, having concluded that the employer established "willful misconduct" on the part of Claimants was not free to ignore this issue. Teasley v. Unemployment Compensation Board of Review, 60 Pa. Commonwealth Ct. 428, 431 A.2d 1155 (1981): Holomshek v. Unemployment Compensation Board of Review, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). Separate findings of fact must be rendered directed to its resolution. Wilson v. Unemployment Compensation Board of Review, 72 Pa. Commonwealth Ct. 504, 457 A.2d 164 (1983). No such findings were rendered in the decision of the Board as to either Claimant and we must therefore remand these matters to the Board with the instruction that it make and give due consideration to the necessary findings.

## ORDER

Now, September 15, 1983, the decisions and orders of the Unemployment Compensation Board of Review in the above captioned matters, Nos. B-192835-B and

B-192836-B, dated January 11, 1982, are hereby vacated and the matters are remanded for further proceedings consistent with this opinion.

Jurisdiction is relinquished.