Nancy S. Pryor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

524

Submitted on briefs March 12, 1984, to Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*Charles S. Morrow, Behrend, Aronson & Morrow,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 24, 1984:

Nancy Pryor (claimant) petitions for review of a decision of the Unemployment Compensation Board of Review (Board) denying benefits under Section 402(e)[1] of the Unemployment Compensation Law (Act) (discharge for willful misconduct in connection with work).

The claimant was last employed as a senior operator by the Bell Telephone Company of Pennsylvania (employer). Beginning in May, 1980, she began a series of extended absences from work due to anxiety. During these absences, she received benefits under the employer's disability plan. Her last period of work was from June 12, 1981 to June 18, 1981; thereafter, she was again absent. On August 7, 1981, the claimant's treating psychiatrist certified to the employer that she was unable to work and did not indicate a probable date of return. The employer's disability plan provides for fifty-two weeks of coverage and on August 13, 1981, the employer notified the claimant that her benefits would be exhausted as of August 31, 1981. On August 20, 1981, the claimant's psychiatrist certified that she was able to return to work as of August 21, 1981. When advised of the change in her condition, the employer informed her that before she would be permitted to return she would have to be examined and approved by a psychiatrist appointed by the employer.

On September 1, 1981, the claimant reported to the employer appointed psychiatrist, Dr. Twerski, as scheduled; however, when he advised her that he would provide to the employer all of the information which the claimant revealed to him, she refused to participate in the examination. Due to her refusal, Dr.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

Twerski was unable to evaluate her condition and form a meaningful opinion as to her ability to return to work. When he informed the employer of these events, she was removed from the employment rolls, effective August 31, 1981, because of the expiration of her disability benefits and her refusal to meet the employer's condition on her return to work.

The claimant's refusal to participate in the examination by Dr. Twerski was due to her fear that the revelation of such information to the employer might be detrimental to litigation which she was then pursuing against the employer.

On appeal, the claimant presents several questions for our review. These issues can be summarized as whether the Board has the power to reverse findings of fact made by the referee and whether the Board committed legal error in concluding that the claimant's refusal to participate in the examination by Dr. Twerski constitutes willful misconduct.

In regard to the Board's power to reverse findings made by a referee, prior decisions have made it clear that in unemployment compensation cases, the Board is the ultimate factfinder.[2] *Bermudez v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 602, 457 A.2d 190 (1983); *Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975). Therefore, the Board did not exceed its authority in reversing findings of the referee.

Next, we must determine whether the Board's conclusion of willful misconduct was error.[3] An em-

---

[2] *See* Section 504 of the Act, 43 P.S. §824.

[3] Whether an employee's action constitutes willful misconduct is a question of law subject to our review. *Fike v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 176, 465 A.2d 136 (1983).

ployee's refusal to comply with a directive or request of the employer can constitute willful misconduct. *Semon v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980). In order to make this determination, we must evaluate not only the reasonableness of the employer's request or directive under the circumstances, but also the employee's reason for noncompliance. If the employee's behavior was justifiable or reasonable under the circumstances, it cannot be considered willful misconduct. Stated simply, if there was ''good cause'' for the employee's action, she cannot be held to have committed willful misconduct. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978); *Hartman v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 628, 455 A.2d 756 (1983).

We have held that a request by an employer to an employee to submit to a psychiatric examination can be reasonable. *Semon.* In *Semon,* the employee acted in an alarming, erratic and irrational manner and caused a major disruption in the workplace. We concluded that her behavior was such that a reasonable person might suspect that another, more serious, episode would occur. In the present case, the Board found, based on substantial record evidence, that the claimant had been disabled due to anxiety for an extended period. The findings also reveal that, within a thirteen day period, the claimant's psychiatrist reversed his disability assessment after his patient was apprised of the impending exhaustion of her disability benefits. Under such circumstances, we believe that it was reasonable for the employer to require another medical opinion so that it could be certain of the claimant's ability to work. Moreover, the reasonableness of the employer's request is underscored by the testimony of the employer's witness at the hearing as

to the employer's usual practice of requiring employees returning from disability leave to be approved for return by the employer's medical department and the lack of psychiatric expertise within the medical department.

Finally, we must examine the reasonableness of the claimant's refusal.[4] The basis for her refusal to participate in Dr. Twerski's examination was her fear that to do so would reveal information which would then be forwarded to the employer which might be detrimental to litigation that she was then pursuing against the employer. The record reveals that the claimant had filed a workmen's compensation claim and a trespass action, against the employer alleging invasion of privacy and false imprisonment. Her mental condition, moreover, was in controversy in both proceedings. She argues that her refusal was justified because the employer should not be allowed to gain information through the psychiatric examination that it should properly obtain through discovery in the other litigation. We disagree. The existence of alternate means for the employer to obtain such information at some future time for other purposes does not satisfy its need for a determination of the claimant's mental condition at the time of her intended return to work. Also, we note that the claimant does not contend that such information would be privileged, and thus, not discoverable in the other litigation. Under such circumstances, we do not believe that the claimant's reason for refusing to participate in Dr. Twerski's examination justifies such conduct.

Therefore, we conclude that the employer's request was reasonable and that her refusal was unreasonable and constitutes willful misconduct.

---

[4] While the burden to prove willful misconduct is on the employer, the burden of proving justification for noncompliance with an employer's order is on the claimant. *Hartman.*

Accordingly, we will affirm the decision of the Board.

ORDER

AND Now, this 24th day of May, 1984, the decision of the Unemployment Compensation Board of Review, No. B-204183, is affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I agree with the majority's position that the psychiatric information sought would be "discoverable in the other litigation." However, any discovery sought in the trespass action would be subject to the appropriate provisions of the Rules of Civil Procedure, and subject to supervision by an independent member of the Judiciary. No comparable provisions exist under the Unemployment Compensation Statutes.

It is apparent that the employer was attempting to use this request for psychiatric examination as a means of circumventing the procedural safeguards provided in Pa. R.C.P. No. 4001, *et seq.*

This constitutes an unreasonable request, and, as such, I respectfully disagree with the scholarly and well-argued opinion of the majority.