Fred Hager, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

8

Submitted on briefs June 4, 1984, to Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Louis R. Dadowski,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, October 31, 1984:

Fred Hager, Claimant, appeals here the decision of the Pennsylvania Unemployment Compensation Board of Review (Board) denying him benefits under the provisions of Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law)[1] (willful misconduct).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant's application for benefits was first approved by the Office of Employment Security (OES), but appeal resulted in denial of benefits by a referee. On subsequent appeal to the Board, the case was remanded to the referee for further hearing as Hearing Officer for the Board. Following the Board's consideration thereafter benefits were denied and this appeal followed.

The facts simply stated are that the Claimant was employed as food service director for the employer, St. Barnabas, Inc., a convalescent home, until his last day of work on May 24, 1982. The Board's principal findings are that the Claimant was employed in this post for eleven months; that the largest fund-raising event of the year was a Founder's Day Dinner, scheduled for June 6, 1982; that Claimant was advised by the director of operations the week before his last day of work that she had engaged a food service consultant to assist in this major event because, in her opinion, Claimant would need assistance since some other events run by Claimant had not worked out satisfactorily; that Claimant informed the director of operations on the morning of May 24, 1982, that he would not work with a consultant for the Founder's Day Dinner on June 6, 1982 "beacuse he would consider it an affront to his professional ability."[2] The following findings were made by the Board:

6. The director of operations requested the claimant to reconsider his decision and the claimant agreed to do so.

7. Later in the afternoon of May 24, 1982, the claimant informed the director of operations that his decision not to work with the consultant at the Founder's Day Dinner still stood.

---

2 Excerpt from Board's finding of fact No. 5.

8. At that point, the director of operations informed the claimant that his services would not be needed, and the claimant's employment was terminated effective May 24, 1982.

The Board's DISCUSSION contains the following statement:

In the instant case, the claimant was discharged because he refused to work with a consultant at the employer's biggest event of the year. The record further reveals that the claimant would still have the ultimate control of the event. The consultant was engaged because the employer was of the opinion that the claimant needed assistance for the event. The claimant's decision not to work with the consultant was against the best interest of the employer and constitutes willful misconduct in connection with work. Accordingly, the claimant is disqualified under the provisions of Section 402(e) of the Law.

Claimant, in his presentation before us, principally presents arguments portraying his conception of findings that could have been made by the Board. He urges that the Board has "ignored substantial competent evidence"; that the Board's finding of willful misconduct was not justified under the evidence; that the employer actually demoted the Claimant without cause from his position as food service manager; that the refusal to accept such a demotion does not constitute willful misconduct since the refusal was to accept an unreasonable demotion or to decline a subordinate position; that Claimant was actually replaced in his management position and was "constructively fired" from his position as food service manager. Claimant relies upon several cases which, on examination, deal with voluntary termination of employment under the provisions of Section 402(b) of the Law, whereas the

Board's decision in this case found ineligibility for benefits under the provisions of Section 402(e) of the Law for willful misconduct. While the Board noted that *"even had* the Claimant voluntarily terminated his employment because of a dissatisfaction for working with the consultant, this would not be cause of a necessitous and compelling reason pursuant to Section 402(b) of the Law," (Emphasis the Board's), the Board's sole conclusion of law was the following: *"CONCLUSION OF LAW:* The claimant is ineligible for benefits under the provisions of Section 402(e) of the Pennsylvania Unemployment Compensation Law."

Accordingly, we will consider this case as one under Section 402(e) of the Law[3] which provides that: "[a]n employee shall be ineligible for compensation for any week—[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." While the term "willful misconduct" is not defined in the Law, it has been defined as an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The burden of proof of "willful misconduct", such as will render a claimant ineligible for benefits, is on

---

[3] The question of whether an employee voluntarily terminated his employment or was discharged is one of law to be determined upon the facts found by the Unemployment Compensation Authorities. *Simpson v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978).

the employer. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Also, when the party with the burden of proof, as in this case, has prevailed before the Board, our scope of review is limited to questions of law and the determination of whether the findings of fact are supported by substantial evidence. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Furthermore, in considering the evidence, the prevailing party below, the employer in this case, is entitled to such favorable inferences as can reasonably and logically be drawn from the evidence, *Winnail v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 114, 375 A.2d 849 (1977), and while the question of whether or not an employee's actions for which he was discharged constitute willful misconduct is a matter of law subject to review by our appellate courts, *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978), the Board is the ultimate fact finder. *Pryor v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 523, 475 A.2d 1350 (1984). Furthermore, in meeting our review obligations in a willful misconduct case, we must determine whether refusal to comply with a directive or request of the employer can constitute willful misconduct, bearing in mind that in order to make this determination, we must evaluate not only the reasonableness of the employer's request or directive under the circumstances,[4] but also the employee's reason for non-compliance. We stated in *Pryor:*

---------

[4] The employer's right to alter assignments is limited in that the change must be reasonable. *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974).

If the employee's behavior was justifiable or reasonable under the circumstances, it cannot be considered willful misconduct. Stated simply, if there was "good cause" for the employee's action, she cannot be held to have committed willful misconduct. McLean v. Unemployment Compensation Board of Review, 476 Pa. 617, 383 A.2d 533 (1978); Hartman v. Unemployment Compensation Board of Review, 71 Pa. Commonwealth Ct. 628, 455 A.2d 756 (1983).

Of course, it is the employee's burden to prove good cause for his refusal. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

Our examination of the record convinces us that there is substantial evidence therein to support the Board's findings and its conclusion that the refusal of Claimant to work with the consultant in connection with the Founder's Day Dinner was the refusal of a reasonable request without good cause and that, therefore, Claimant's refusal of the assignment was willful misconduct. The weakness of Claimant's position on this appeal, we believe, lies in his contentions based upon his, and not the Board's interpretation of the facts,[5] particularly in his assertion that the order to serve with the consultant appointed by the employer constituted a demotion or a reduction of his status to a subordinate position. On the testimony in the record, the Board could properly conclude, a reasonable inference, that the consultant's services were temporary; solely for the important event on June 6, 1982. In a prior experience, this same consultant had been

---

[5] Questions of credibility, and resolution of conflicts in evidence are matters for the Board to resolve. *McDermott v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 393, 431 A.2d 1140 (1981).

14

employed temporarily with regard to a major event; incidentally, without Claimant's refusal to serve with him on that occasion.

Accordingly, since we find substantial evidence to support the Board's findings and no error of law in its conclusion, we will affirm.

ORDER

Now, October 31, 1984, the decision of the Unemployment Compensation Board of Review at Decision No. B-211221, dated October 27, 1982, is affirmed.