507 A.2d 913

Maria Auddino, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 24, 1985, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*John P. Cotter,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, April 11, 1986:

This is an appeal by Maria Auddino, claimant, of an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision to deny her benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was employed as a clerk for the General Accident Insurance Company (employer) for approximately three years. She was responsible for processing checks issued to employer as payment of premiums but which had been returned by the bank to employer due to insufficient funds. The record shows that claimant was experiencing a "backlog" of nonsufficient funds checks and in February of 1984 was provided assistance by her superiors in processing insufficient funds checks which had accumulated throughout 1983. In March of 1984, while claimant was on vacation, a company employee assisting claimant reported finding a batch of unprocessed checks which had been returned to employer in 1982. These checks were bundled and notes in claimant's handwriting were attached. The referee made specific findings that these checks were found in claimant's desk and as a result employer was subject to claims by policyholders who were improperly covered. The referee did not make a finding as to the exact amount of damages employer suffered. He concluded that claimant's failure to bring the true backlog to the employer's attention rose to the level of willful misconduct under Section 402(e).

On appeal claimant argues that she never left the checks in the desk and that it was possible for another employee to have worked in the same area and accumulate such a backlog. She contends that the referee relied solely on hearsay evidence to support his finding that claimant put the 1982 checks in her drawer. In her second argument, claimant alleges that the current backlog, the 1983 checks, occurred when she was assigned to telephone answering duties and placed into a staff training program; therefore, she was unable to perform her regular check processing duties. She was not guilty, she claims, of willful misconduct as defined by this Court.

Our scope of review where the party with the burden of proof prevails is limited to whether an error of law has been committed and whether there is substantial evidence in the record to support the necessary findings of fact. *H & A Sales Company v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 304, 437 A.2d 1297 (1981).

Since the referee's ruling was based on his finding that claimant failed to inform the employer of the full extent of unprocessed checks, claimant's argument that she was not guilty of willful misconduct because she could not perform her currently assigned responsibilities along with her new duties will not be addressed. This bears no relationship to the referee's decision. Thus, the only question for review is whether the referee's finding that claimant placed the 1982 checks in her drawer was improperly based upon hearsay evidence only. We reverse.

Section 402(e) of the Unemployment Compensation Law provides that an employee shall be ineligible for unemployment compensation for any week in which his termination is due to willful misconduct. Willful misconduct has been defined as the wanton and willful dis-

regard of the employer's interest, the deliberate violation of rules, the disregard of standards of behavior which an employer can rightfully expect from his employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Fritzo v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981). The burden of establishing willful misconduct is on the employer. *Hager v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 7, 482 A.2d 1368 (1984). Hearsay evidence when properly objected to is not competent evidence to support a finding of the Board. If it is admitted without objection, the hearsay evidence will be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record. *Hernandez v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 353, 475 A.2d 179 (1984). Here, employer's witness was Katherine Hebding, a superintendent who testified that in March of 1984 her assistant reported discovering the 1982 checks in claimant's desk drawer while assisting with the backlog. This testimony was offered to prove claimant's culpability in either concealing or neglecting the checks. This testimony, admitted without objection, was hearsay. Since this is the only viable evidence in the record on which the referee could have based his crucial finding that claimant did, indeed, place the checks in her desk we have no choice but to conclude that the referee erred in making this finding without additional and supporting competent evidence. Employer has failed to meet its burden of proof thus claimant is eligible for benefits under Section 402(e) of the Act.

ORDER

Now, April 11, 1986, the order of the Unemployment Compensation Board of Review at No. B-231839 dated June 20, 1984, is reversed.