507 A.2d 930

Silvio D. Gaetani, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Alfred W. Crump, Jr., Ward and Crump,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 16, 1986:

Silvio Gaetani, Claimant, appeals here the order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which denied Claimant benefits pursuant to the doctrine enunciated in the *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972) that a self-employed businessman who becomes unemployed shall not be eligible for unemployment compensation. The referee determined that the facts elicited at the hearing before

him did not place Claimant within the exception to the *Starinieri* rule carved out by the legislature at Section 402.4 of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802.4 added by the Act of July 21, 1983, P.L. 68, effective January 1, 1984.

Section 402.4 of the Law provides:

(a) Notwithstanding any other provision of this act, an officer of a corporation deemed to be a self-employed person because he exercised a substantial degree of control over the corporation and who becomes unemployed due to the fact that the corporation enters into involuntary bankruptcy proceedings under the provisions of Chapter 7, Title 11 of the United States Code shall be entitled to receive unemployment compensation under this act: Provided, That the wages paid to the officer of a corporation deemed to be a self-employed person were mandatorily subject to this act.

(b) Unemployment compensation shall be paid to an officer of a corporation deemed to be a self-employed person, who is eligible under the provisions of this section, in the same manner and to the same extent as unemployment compensation paid to any other eligible claimant under the provisions of this act.

The facts in this case are not in dispute. Claimant had worked as the general manager of Gaetani Brothers, Inc., a corporation engaged in the mushroom farming business, for approximately thirty-six years, and, until May 11, 1984, had been responsible for overseeing the day to day activities of the business, hiring and firing employees, and, in general, ensuring the business's overall smooth operation. In addition to being the general manager, Claimant was also the secretary of the

corporation and owned 50% of the stock. As of May 11, 1984 the corporation ceased normal operations as a result of a voluntary bankruptcy petition filed on behalf of the corporation under Chapter 11 of the United States Bankruptcy Code on December 30, 1983. Thereafter, Claimant applied for benefits. The referee determined that Claimant's unemployment was *not* the result of involuntary bankruptcy proceedings under the provision of Chapter 7 of the United States Bankruptcy Code and that, therefore, Claimant was ineligible to receive unemployment benefits. The Board affirmed the referee's decision and the instant appeal ensued.

Claimant argues on appeal that the Chapter 11 filing was not voluntary, that the corporation was being coerced by its creditors to file, and that, in fact, the Chapter 11 filing was converted on August 27, 1984 to involuntary bankruptcy under Chapter 7 of the United States Bankruptcy Code as referenced in the statute.[1] Claimant points out that Chapter 7 and Chapter 11 of the United States Bankrupty Code provide for conversion from one chapter to the other and he argues that eligibility for unemployment compensation should not be governed by the form of the bankruptcy petition but rather by the circumstances surrounding the filing.

The words of the statute are clear, however, and when the words of a statute are clear and free from all ambiguity, the letter of the law may not be disregarded. Section 1921(b) of the Statutory Construction Act, 1 Pa. C. S. §1921(b). Claimant does not dispute that for those weeks for which he was denied eligibility for benefits, at issue in this appeal, he was unemployed as a result of *voluntary* bankruptcy proceedings initiated pursuant to

---

[1] Claimant makes a factual allegation which is dehors the record. The alleged conversion to which he refers occurred on August 27, 1984, several weeks after the hearing before the referee.

Chapter 11 of the United States Bankruptcy Code. Thus, for the weeks at issue, Claimant does not fit within the exception to the *Starinieri* doctrine provided by Section 402.4 of the Law,[2] and he is not entitled to unemployment compensation as a matter of law. We will affirm the Board.

### ORDER

AND NOW, this 16th day of April, 1986, the order of the Unemployment Compensation Board of Review at number B-234739, dated September 27, 1984, is hereby affirmed.

---

[2] Should Claimant have continued to file for benefits, however, his eligibility status would have changed at the point the petition was converted from a Chapter 11 petition to a Chapter 7 petition.