552 A.2d 1157

Dingbat's, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 9, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Stephen H. Jordan, Rothman, Gordon, Foreman & Groudine, P.C.*, for petitioner.

*Maribeth Wilt-Seibert,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE McGINLEY, January 24, 1989:

Dingbat's (Employer) appeals an order of the Unemployment Compensation Board of Review (Board) which reaffirmed the Referee's decision and reinstated the Board's September 22, 1987 order granting benefits to Mary Jane Cessna (Claimant). We affirm.

Claimant was last employed by Employer for ten months as a bartender at a rate of pay of $2.01 per hour plus tips. On June 5, 1987, Claimant was discharged after

another employee, Ms. Marsha Mitchell (Mitchell), reported that Claimant had taken three dollars ($3.00) out of the cash register on June 3, 1987, to pay for her meal. Claimant's application for benefits was denied by the Office of Employment Security (OES) on June 26, 1987, pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1]

Claimant appealed the OES determination and after hearing the Referee granted benefits finding that Claimant always performed her work to the best of her ability, and that Claimant made change for a $5.00 bill from the cash register on June 3, 1987, and did not steal money from the register to pay for her meal. (Findings of Fact Nos. 3 and 4, Referee's Decision, July 31, 1987, (Referee) at 1.) Mitchell did not attend the Referee's hearing. Employer filed a timely appeal and on September 22, 1987, the Board affirmed the Referee's decision and granted benefits to Claimant. On September 28, 1987, the Employer filed a request for reconsideration to reopen the hearing to take the testimony of Mitchell. On October 19, 1987, this request was granted and the Board vacated its September 22, 1987 order.

On October 29, 1987, a remand hearing was held before a Referee sitting as a hearing examiner for the Board, at which Claimant and Mitchell appeared and testified. On March 11, 1988, the Board reinstated its prior order affirming the decision of the Referee.[2] On March 21, 1988, the Employer filed a request for reconsideration which was denied on April 6, 1988. It is from

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). This section provides that a claimant shall be ineligible for compensation for any week in which her unemployment is due to her discharge or temporary suspension from work for wilful misconduct connected with her work.

[2] In its decision, the Board acknowledged the fact that the case was remanded to a Referee acting as a hearing examiner for the Board

the Board's March 11, 1988 order that the Employer has appealed to this Court.

Initially we note that our scope of review is limited to determining whether Claimant's constitutional rights have been violated, whether an error of law has been committed or whether the findings of fact are not supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Employer alleges that the Board's order is unreviewable because it contains no findings of fact, conclusions of law, and no indication that the testimony of Mitchell taken by the Board at the remand hearing on October 29, 1987, was evaluated. Employer also argues that the order is ambiguous as to whether it is based on the consideration of the entire record, including the testimony taken by the Board, or whether it is based only on the testimony taken by the Referee. Lastly, Employer argues that if the order adopts the decision of the Referee, the findings of the Referee are contrary to the record as ultimately developed by the Board.

The Board argues that the Board's order of March 11, 1988, satisfies the substantive due process requirements of the Law and that substantial evidence exists to support the Referee's finding that Claimant's actions did not rise to the level of wilful misconduct as a matter of law.

---

Board, and that the remand hearing was heard on October 29, 1987. The Board entered the following order on March 11, 1988:

ORDER

The decision of the Board of Review, Decision No. B-261212, dated September 22, 1987, is reinstated and the decision and order reaffirmed with the same force and effect as if a new decision had been issued.

Decision and order of the Board, March 11, 1988.

Wilful misconduct has been defined as an act of wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Heins v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 604, 534 A.2d 592 (1987); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We note that the burden of proving wilful misconduct is on the employer *Hager v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 7, 482 A.2d 1368 (1984). Whether certain conduct constitutes wilful misconduct is a question of law subject to our review. *Heins*.

The Referee originally found that Employer did not meet its burden of proof based upon the evidence presented at the initial hearing and the Board affirmed this decision. The Board then reaffirmed the Referee's decision based upon evidence which included Mitchell's testimony. Employer contends the Board's March 11, 1988 decision is erroneous because the Board's September 22, 1988 order was based on the record without the testimony of Mitchell. We are not persuaded. The Board responded to Employer's request for reconsideration by vacating its September 22, 1987 order to specifically enable Employer to present the testimony of Mitchell. A remand hearing was held and Mitchell's testimony received. The Board's reaffirmance of the Referee's original decision does not imply that the Board ignored Mitchell's testimony. Rather it is implicit in the Board's order that Mitchell's testimony was not persuasive.

Employer also argues that the record is no longer based on incompetent hearsay evidence but now contains

the testimony of Mitchell, and therefore the Board erred in adopting the Referee's decision. The Board reaffirmed the Referee's decision wherein the Referee concluded: "[t]he employer has presented no competent evidence that the claimant was guilty of wilful misconduct in connection with her work." (Referee's Decision, July 31, 1987, at 1.) After review of the Board's March 11, 1988 decision and order we agree that Mitchell's testimony was competent and, if believed, would establish that Claimant's conduct amounted to wilful misconduct. However, the Referee, whose decision the Board first affirmed on September 22, 1987, and then reaffirmed on March 21, 1988, specifically found that "claimant did make change for a $5.00 bill from the cash register on June 3, 1987 but did not steal money from that register to pay for her meal." (Referee's Decision, July 31, 1987, Finding of Fact No. 3.) It is obvious that the fact finder disbelieved Mitchell and determined Claimant did not steal any money from Employer. The Board's adopted findings are supported by direct testimony of the Claimant. Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, this 24th day of January, 1989, the order of the Pennsylvania Unemployment Compensation Board of Review, dated March 11, 1988, at Decision No. B-261212-B, is affirmed.