John D. ROSSI, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania

Submitted on Briefs Feb. 23, 1996.

Decided April 24, 1996.

John D. Rossi, Pro Se, as Petitioner.

Paul R. Jordan, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant John D. Rossi petitions for review of the October 5, 1995 order of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's denial of unemployment compensation benefits.

### Issues

■ The issues before us for review are: (1) whether the Board erred as a matter of law in concluding that Claimant was self-employed and therefore ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h); [1] and (2) whether the evidence supports Claimant's contention that he was eligible for benefits because his corporation entered into involuntary bankruptcy within the meaning of Section 402.4 of the Law, 43 P.S. § 802.4. We hold that Claimant was self-employed and that he did not lose his job due to bankruptcy and therefore, affirm the denial of benefits.

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. *Dingbat's v. Unemployment Compensation Board of Review,* 123 Pa. Cmwlth. 73, 552 A.2d 1157 (1989).

## Background

The facts, as found by the Referee and adopted by the Board, established that Claimant was associated with the Overture Restaurant from April, 1991 until July 6, 1995 as its president. Claimant also owned 50% of the corporation's stock. (His wife owned the remaining shares.) Claimant worked at Overture approximately 70 hours per week and took home a monthly salary of $1,600.00. Claimant had total control over the corporate management and affairs of the restaurant. (Referee's Finding of Fact No. 4.) On July 6, 1995, Claimant was forced out of the business due to family problems with an estate matter. (Referee's Finding of Fact No. 5.)

Claimant filed an application for benefits with the East Pittsburgh Job Center. The application was denied based on Section 402(h)[2] of the Law. Claimant filed a timely appeal, which was heard before a referee at which time Claimant appeared and testified. The referee issued her determination affirming the Job Center's denial of benefits to Claimant as an unemployed businessman under Section 402(h). Following a timely appeal to the Board, the Board issued its order on October 5, 1995, affirming the referee.

## Discussion

 In his pro se appeal, Claimant argues that because he was forced to surrender the stock and therefore the ownership of the corporation that ran the restaurant, his situation is identical to that of a corporate officer whose company is forced into involuntary bankruptcy. Therefore, he argues, he falls within the exception to the *Starinieri* doctrine making Section 402.4 of the Law applicable to his situation. Claimant argues that the Board erred in not interpreting the Law broadly enough to encompass his situation under Section 402.4 and find him eligible for benefits.[3]

In *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289

A.2d 726 (1972), our Supreme Court first noted that the Law was not enacted to compensate those individuals who fail in their business venture and become unemployed. It then determined that under Section 402(h), a business man or woman, who is self-employed and thereafter becomes unemployed is ineligible for unemployment compensation benefits. In discussing when and how this section would come into play with respect to a claimant who had been either a stockholder or corporate officer of a company, the Supreme Court stated that it was not mere majority ownership of the stock that would render a claimant ineligible, but that the "proper test is whether the employee 'exercises a substantial degree of control over the corporation;' if so, he is a businessman and not an employee." *Id.* at 260, 289 A.2d at 728.

However, as noted by this Court in *Salamak*, 497 A.2d at 953 n. 3 (Pa.Cmwlth.1985), Section 402.4 was added by the Legislature in 1983, amending the Law to allow corporate officers, who would otherwise be ineligible for benefits under Section 402(h), to receive unemployment compensation benefits *if* their company goes into *involuntary* bankruptcy.

Section 402.4(a) provides:

Notwithstanding any other provision of this act, an officer of a corporation deemed to be a self-employed person because he exercised a substantial degree of control over the corporation and *who becomes unemployed due to the fact that the corporation enters into involuntary bankruptcy proceedings under the provisions of Chapter 7, Title 11 of the United States Code* shall be entitled to receive unemployment compensation under this act: Provided, That the wages paid to the officer of a corporation deemed to be a self-employed person were mandatorily subject to this act.

43 P.S. § 802.4(a). (Emphasis added, footnote omitted.)

---

**2.** Section 402(h), 43 P.S. § 802(h), provides:
An employe shall be ineligible for compensation for any week—
(h) In which he is engaged in self-employment. . . .

**3.** Claimant does not specifically challenge any of the findings made by the Board, therefore, they are binding upon this Court upon review. *Salamak v. Unemployment Compensation Board of Review*, 91 Pa.Cmwlth. 493, 497 A.2d 951 (1985).

Claimant argues that the new owners of the Overture Restaurant, who since July 7, 1995, have assumed the daily operations of the restaurant, have since filed for Chapter 7 bankruptcy, attaching to his petition for review by this Court what appears to be a scheduling order dated December 19, 1995, by the Honorable Joseph L. Cosetti, Bankruptcy Judge for the Western District of Pennsylvania. The order followed a motion by the debtor, the Overture Restaurant, to convert the case from Chapter 11 to Chapter 7. This factual allegation is dehors the record and we will not consider it. In any event, and more important, we believe, there was no contention made by Claimant before the Referee or the Board that he lost his job due to a bankruptcy.

Moreover, even if we were to consider this evidence, we are unpersuaded by Claimant's argument. In *Gaetani v. Unemployment Compensation Board of Review*, 96 Pa. Cmwlth. 410, 507 A.2d 930 (1986), the claimant therein had been the general manager of a company for 36 years, running the day-to-day operations, including hiring and firing of employees, and was the secretary of the corporation owning 50% of the company's stock. When the company filed for Chapter 11 bankruptcy, the claimant filed for unemployment compensation benefits, which were denied under Section 402(h) of the Law. The claimant argued first, that the Chapter 11 bankruptcy was not voluntary because the company was being coerced by its creditors to file for bankruptcy, and second, that the Chapter 11 action was later converted to a Chapter 7 bankruptcy. In rejecting the claimant's argument, this Court first noted that the factual allegations regarding the conversion were dehors the record, and then concluded that the claimant was not entitled to benefits, stating:

> Claimant does not dispute that for those weeks for which he was denied eligibility for benefits, at issue in this appeal, he was unemployed as a result of *voluntary* bankruptcy proceedings initiated pursuant to Chapter 11 ... [t]hus, for the weeks at issue, Claimant does not fit within the exception to the *Starinieri* doctrine provided by Section 402.4 of the Law and he is not entitled to unemployment compensation as a matter of law.

507 A.2d at 931–32. (Footnote omitted, emphasis in original.)

Certainly, the Legislature knew how to be explicit when carving out an exception to the *Starinieri* doctrine, as can be seen by the clear language of Section 402.4—only where the corporate officer becomes unemployed "due to the fact that the corporation enters into involuntary bankruptcy" will he be entitled to benefits under the Law. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b); *Borough of Glendon v. Department of Environmental Resources*, 145 Pa.Cmwlth. 238, 603 A.2d 226 (1992); *petition for allowance of appeal denied*, 530 Pa. 657, 608 A.2d 32 (1992).

Accordingly, for the reasons stated above, we affirm the order of the Board.

### ORDER

**AND NOW,** this 24th day of April, 1996, the order of the Unemployment Compensation Board of Review dated October 4, 1995 at No. B–341639 is hereby affirmed.