# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Toney,                                   :
                    Petitioner      :
                                     :
            v.                                :      No. 2343 C.D. 2014
                                     :      SUBMITTED: June 19, 2015
Department of Human Services,      :
                    Respondent      :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge


<u>OPINION NOT REPORTED</u>


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                **FILED: August 25, 2015**

        Samuel Toney (Toney) petitions for review, *pro se*, of an order of the Chief Administrative Law Judge of the Bureau of Hearings and Appeals (Bureau) of the Department of Human Services (DHS) that affirmed the decision of the Administrative Law Judge (ALJ) to dismiss his appeal from a denial of his application for medical assistance/long-term care (MA/LTC) benefits due to excess resources. We affirm.

        In May 2014, Samuel Toney, then ninety-three years old and a widower, moved into Christ the King Manor in DuBois, Pennsylvania. December 4, 2014 Adjudication, Findings of Fact (F.F.) Nos. 1 and 4. In June 2014, the Clearfield County Assistance Office (CAO) received his financial eligibility

application for MA/LTC benefits, with a requested effective date of May 28, 2014. *Id.*, F.F. Nos. 5 and 6. In August 2014, the CAO denied Toney's application due to total countable resources in excess of the $2400 resource limit against which non-excluded resources were considered for a single person in Toney's classification. 55 Pa. Code § 178.12, Appendix A. Toney's countable resources included First Commonwealth Bank accounts jointly owned by Toney and his son, with a savings account balance of $41,510.18 as of June 5, 2014. *Id.*, F.F. No. 15. Determining that the father could access the accounts without his son's consent, the ALJ affirmed the CAO's determination that one-half of that amount belonged to the father. *Id.*, F.F. No. 17. The ALJ concluded, therefore, that Toney's resources exceeded the $2400 limit and affirmed the application's denial. In August 2014, Toney's son, acting as his father's representative, appealed. Following a November 2014 telephonic hearing, the ALJ denied the appeal. The Chief ALJ affirmed the ALJ's decision and Toney's petition for review followed.[1]

The Medicaid program provides federal financial assistance to states choosing to reimburse needy individuals for certain medical expenses. *Godown v. Dep't of Pub. Welfare*, 813 A.2d 954, 956 (Pa. Cmwlth. 2002). The Commonwealth participates in the program and offers MA to pay for the LTC of eligible individuals. Assistance may be provided, however, only to persons deemed to be "medically needy," such that they do not have the income and resources to meet necessary medical costs. In this regard, DHS is the payer of last resort under the Commonwealth's statutory scheme. 55 Pa. Code § 178.6(a). In

---

[1] Although Toney signed the petition for review, his son acted as his representative before this Court. His son also did so before the CAO and the ALJ.

order for an individual to be eligible for MA/LTC benefits, therefore, his or her resources cannot exceed the applicable resource limit.

In seeking benefits, the applicant for MA bears the burden to verify that his or her resources are not in excess of the applicable limit. *See* 55 Pa. Code §§ 178.1(a) and 178.3. Until an applicant's resources are reduced to an amount at or below that limit, the applicant is ineligible for MA/LTC. 55 Pa. Code § 178.1(c). In pertinent part, a "resource" is defined as "[r]eal or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55 Pa. Code § 178.2. Where ownership of a resource is shared by an applicant and a non-applicant and the applicant has a separate legal interest that can be disposed of without consent of the other owner, the applicant's share of the resource is presumed available. 55 Pa. Code § 178.4(e)(3). In accordance with a federal regulation, DHS's policy is that, if it cannot be determined how much each owner contributed to a particular account, then each owner owns an equal share. *See* 20 C.F.R. § 416.1208(c) and Chapter 440.2 of DHS's LTC Handbook.

On appeal, Toney asserts that the initial information provided when he became a resident of Christ the King Manor indicates that the resources in question belonged to his son. In that regard, Toney maintains that the burden rested with the agency to make additional inquiries regarding the original ownership of the resources or to provide information disputing any initial information submitted. As previously noted, however, the burden to verify the ownership of assets rests with the applicant. Pursuant to 55 Pa. Code § 178.3: "Verification of ownership, the value of resources and the disposition of resources is required of an applicant/recipient or the person acting on his behalf . . . ."

3

Regarding ownership, the ALJ properly rejected the argument below that DHS did not have a right to presume that the joint accounts were available to Toney. Regarding the rebuttable presumption at issue, DHS's regulation provides:

> (e) The following rebuttable presumptions apply in determining the availability of both real and personal property resources:
>
> . . . .
>
> (3) If ownership is shared by persons who are applicants/recipients and a person who is not an applicant/recipient and *if the applicants/recipients have a separate legal interest which can be disposed of without the consent of the other owners, the applicants'/recipients' share of the resource is presumed available.*

55 Pa. Code § 178.4(e)(3) (emphasis added). Regarding rebuttable presumptions in general, the applicable regulation provides: "If the applicant/recipient presents no evidence at the prehearing conference or a Departmental fair hearing to disprove the presumption, the presumption remains unrebutted and stands." 55 Pa. Code § 178.2.

In the present case, the ALJ rejected the son's attempt to establish that he contributed all of the money into the accounts at issue. In that regard, the son maintained that, after he sold his house in 2005 in order to move to Connecticut, he purchased a $100,000 CD to enable his father to live comfortably. The son alleged that his father used the bulk of that money to maintain himself, with the understanding that any money remaining from that CD after his father's death would revert to him. The ALJ, however, rejected the son's testimony as self-serving and not credible, concluding: "No credible evidence was presented to explain why the sale of the house and the purchase of the CD occurred more than one (1) year apart." December 4, 2014 Adjudication at 9. Further, the ALJ found

that the son presented no documentary evidence "that the proceeds from the sale of his house were used to purchase the CD and the money from the CD was then used to establish the [bank accounts at issue]." *Id.* In addition, noting that the son presented no documentary evidence that he contributed *any* money to those accounts during the period of May 6, 2013 to June 5, 2014, the ALJ found that only Toney made contributions during that time period. As the statements from that time period reflect: "[T]he only income deposited into the checking account, other than [Toney's] monthly income from SSA [social security] and VA [veterans'] benefits, was $100 on January 16, 2014 and $200 on January 21, 2014, both transfers from the savings account."[2] *Id.*, F.F. No. 10.

Accordingly, in light of the fact that no credible evidence was presented to rebut the presumption that Toney's share is presumed available to him for purposes of determining the availability of resources for his partial or total support, we conclude that the ALJ did not err in affirming the CAO's decision denying the application. Accordingly, we affirm.[3]

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[2] Toney's countable gross monthly income from SSA and VA benefits was $2,365.90. December 4, 2014 Adjudication, F.F. No. 7.

[3] As for Toney's purported declaration, prepared for the above-captioned appeal and attached as an addendum to the brief, we cannot consider items that are *dehors* the record. *Rossi v. Unemployment Comp. Bd. of Review*, 675 A.2d 390, 392 (Pa Cmwlth. 1996). As DHS observed on page nine of its brief: "[T]he hearing decision will be based solely on the information presented at the hearing . . . ." *See* 55 Pa. Code § 275.4(g)(6). It is not for this Court, on appeal, to act as the finder of fact.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Toney,                  :
            Petitioner       :
                            :
           v.                :    No. 2343 C.D. 2014
                            :
Department of Human Services,    :
           Respondent    :

## O R D E R

AND NOW, this 25th day of August, 2015, the order of the Department of Human Services is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge