### Diann POPOLEO, Petitioner,

v.

### UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 2001.

Decided June 5, 2001.

Natalie M. Ruschell, Midway, for petitioner.

Paul R. Jordan, Harrisburg, for respondent.

Before COLINS, J., KELLEY, J., and LEDERER, Senior Judge.

KELLEY, Judge.

Diann Popoleo (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirms the decision of the Referee and denies Claimant benefits pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] We affirm.

Claimant began employment with Pizza Hut (Employer) as a part time order taker on October 28, 1994. On June 22, 2000, Claimant voluntarily left her position and filed for unemployment compensation benefits with Pittsburgh East Job Center (Job Center). The Job Center issued a determination denying Claimant benefits pursuant to Section 402(b) on the basis that she did not pursue all alternatives to maintain the employment relationship. Claimant appealed the Job Center's determination to the Referee. After a hearing, at which both Claimant and Employer presented evidence, the Referee affirmed the Job Center's determination. Claimant then appealed to the Board, which made the following findings of fact.

Claimant is blind and hearing impaired. Her job duties as an order taker included receiving phone call orders from Employer's customers, typing the customer's name, address and order into the computer, and using a feedback system to verify the accuracy of Claimant's input. From October 1994 to June 1999, Claimant utilized a Braille feedback system to verify that she had accurately input the custom-

er's name, address and order into the computer. However, from June to September 1999, Claimant did not work because Employer was upgrading the computer system, which Claimant used. When Claimant returned, she was able to use the new Braille system for approximately four months. Employer, at that time, again upgraded the system and Claimant was unable to use the system. Claimant was given other duties during this period of time.

A voice synthesizer system was then installed for Claimant. The voice synthesizer system required Claimant to hear the customer's phone call through an earphone in one ear and to hear the speech synthesizer with the feedback of Claimant's input in her other ear. The synthesizer caused Claimant to become frustrated and made her work difficult, as the customer might speak while the synthesizer was verifying the order and the fan noise from the restaurant caused difficulty in hearing the voice synthesizer.

Employer was aware of the problems Claimant was experiencing. Employer made attempts to address these issues. Employer purchased a special headset for Claimant that would prevent outside sound from getting in and would improve the system. Employer installed an upgraded voice synthesizer feedback system in February 2000 and Claimant again experienced difficulty in using the system.

Claimant requested that Employer reinstall the Braille system for her use. Employer refused to reinstall the Braille system as the company determined that the voice synthesizer would be installed corporate wide to provide consistency from one restaurant to another. Employer adequate-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) provides that an employee who voluntarily terminates her employment without cause of a necessitous and compelling nature is ineligible for benefits.

ly researched the systems available and determined that the voice synthesizer feedback system was the best on the market.

On June 22, 2000, Claimant notified her store manager that she was quitting immediately. Continued work was available to Claimant with Employer as of June 22, 2000. Employer considered Claimant to be a valued employee. Employer is committed to providing accommodations to employees with disabilities and was working to provide Claimant with the necessary accommodations to allow her to continue employment with Employer as of June 22, 2000. To the very end, Employer was working with Claimant and ordered her a new computer that would improve the situation, which was on its way at the time Claimant voluntarily quit her employment.

Based on these findings, the Board concluded that Claimant did not demonstrate cause of a necessitous and compelling nature for voluntarily quitting her employment. The Board concluded further that while Claimant may have been dissatisfied with certain aspects of her employment, these concerns were not so egregious as to warrant Claimant voluntarily quitting her job as a result. The Board concluded that Employer credibly testified that it continued to work with Claimant and the difficulties surrounding the problems that she was experiencing with the equipment. The Board pointed out that Employer ordered Claimant a new headset, and at the time that Claimant resigned, a new computer was being shipped. The Board concluded that Employer adequately proved that it was attempting to work with Claimant.

Accordingly, the Board affirmed the Referee's decision and denied Claimant benefits pursuant to Section 402(b) of the Law. This appeal followed.

In this appeal, Claimant raises the issues of whether she established a necessitous and compelling reason for quitting her employment and whether Employer, in good faith, continued to work with Claimant, a person who is both blind and hearing impaired, to solve the difficulties and problems experienced with the computer equipment within Employer's control.

 Initially, we note that this Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987). Findings of fact are conclusive upon review provided that the record, taken as a whole, contains substantial evidence to support the findings. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Hercules v. Unemployment Compensation Board of Review,* 146 Pa.Cmwlth. 77, 604 A.2d 1159 (1992). The Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

 As noted herein, Section 402(b) provides that an employee who voluntarily terminates her employment without cause of a necessitous and compelling nature is ineligible for benefits. A determination that a claimant voluntarily quit is not an absolute bar to the recovery of unemployment compensation benefits. *Monaco v. Unemployment Compensation Board of Review,* 523 Pa. 41, 565 A.2d 127 (1989).

A claimant may prove necessary and compelling reasons that could excuse the voluntary action of the claimant. *Id.* A cause of necessitous and compelling nature is one that results from circumstances which produce pressure to terminate employment which is both real and substantial and which would compel a reasonable person under the circumstances to act in the same manner. *Id.*

The question of whether particular facts constitute a voluntary quit is a question of law fully reviewable by this Court. *Chamoun v. Unemployment Compensation Board of Review,* 116 Pa. Cmwlth. 499, 542 A.2d 207 (1988). The claimant bears the burden of proving a necessitous and compelling reason for voluntarily terminating the employment relationship. *Mutual Pharmaceutical Company, Inc. v. Unemployment Compensation Board of Review,* 654 A.2d 37 (Pa.Cmwlth. 1994).

First, Claimant argues that she had a necessitous and compelling cause for leaving her employment. Claimant contends that Employer presented circumstances that produced real pressure to terminate her employment by forcing her to accept an accommodation that was not suited to her disability. Claimant argues that Employer refused to listen to Claimant and to investigate the possibility that the accommodation Employer provided was not appropriate for Claimant. Claimant argues that she waited twelve months for Employer to resolve the issue of appropriate accommodations and that she acted with ordinary common sense and made more than a reasonable effort to preserve her employment.

Herein, the Board accepted Employer's witness's testimony as credible that Employer continued to work with Claimant and the difficulties surrounding the problems that she was experiencing with the computer equipment. The Board found that Employer provided Claimant with a special headset and was in the process of securing a new computer, which would improve the situation. Based on these findings, we believe that the Board correctly concluded that Claimant did not demonstrate cause of a necessitous and compelling nature for voluntarily quitting her employment.

Claimant, who was aware that a new computer had been ordered, did not even attempt to use the new computer. Instead, she chose to terminate her employment. While this Court recognizes that Claimant is disabled and has had difficulty using the new voice synthesizer feedback system, we cannot overturn the Board's finding that Employer was working to provide Claimant with the necessary accommodations to allow her to continue her employment with Employer as of June 22, 2000.

Next, Claimant argues that Employer did not work with Claimant to provide appropriate accommodations. However, as stated previously herein, the Board specifically found to the contrary and it is beyond this Court's purview to overturn the Board's findings if those findings are supported by substantial evidence. In this case, the Board found Employer's witness credible in this regard. Accordingly, the Board's finding is supported by substantial evidence.

The Board's order is affirmed.

### ORDER

AND NOW, this *5th* day of *June,* 2001, the order of the Unemployment Compensation Board of Review in the above captioned matter is affirmed.