# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Ames, : 
           : 
           Petitioner : 
           : 
           v. : No. 2421 C.D. 2015
           : Submitted: April 22, 2016
Unemployment Compensation : 
Board of Review, : 
           : 
           Respondent : 

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED: June 3, 2016**

Eric Ames (Claimant), *pro se*, petitions for review of the October 13, 2015 order of the Unemployment Compensation Board of Review (Board) denying Claimant unemployment compensation benefits. The Board concluded that Claimant voluntarily left his employment with On Time Delivery (Employer) without a necessitous and compelling reason and was therefore disqualified from receiving benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant's last day of work was June 4, 2015. (Record Item (R. Item) 1, Claim Record.) On June 11, 2015, Claimant completed a questionnaire

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in relevant part, that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

regarding his separation from employment by telephone with the Department of Labor and Industry (Department). (R. Item 2, Claimant Questionnaire.) The Department issued a Notice of Determination on June 25, 2015 finding Claimant ineligible to receive unemployment benefits because Claimant failed to show that he had a necessitous and compelling reason to voluntarily terminate his employment. (R. Item 4, Notice of Determination.) Claimant appealed the Department's determination and a hearing was held before a Referee on August 3, 2015. (R. Item 5, Petition to Appeal; R. Item 9, Hearing Transcript (H.T.).) At the hearing, Claimant appeared and testified; two witnesses, Christopher Jenkins, President, and David Liddell, LTL Director, appeared on behalf of Employer and testified. (R. Item 9, H.T. at 1, 5, 7, 10.) On August 4, 2015, the Referee issued a decision and order concluding that Claimant had failed to meet his burden to demonstrate that he left his employment for a necessitous and compelling reason. (R. Item 10, Referee's Decision and Order.) Claimant appealed to the Board for review and on October 13, 2015, the Board issued an order affirming the Referee. (R. Item 12, Board's Decision and Order.) In its order, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. (*Id*.) The following are the Referee's findings of fact adopted and incorporated by the Board:

> 1. [Claimant] worked for [Employer] as Amazon Manager, full-time, from November 2014 until his last day of work, June 4, 2015. [ ]
>
> 2. [Claimant] was hired on a job with a start time of 1:30 a.m.
>
> 3. [Claimant] was informed when he started the job that part of his job would involve driving, although he would also be managing drivers.

4. Given that the start time for the job was 1:30 a.m., if [Claimant] was going to be driving, he would be driving at night.

5. [Claimant] began to request [Employer] not to assign him to drive, especially at night.

6. [Claimant] contended that he had problems seeing to drive at night.

7. [Employer] asked [Claimant] to get his eyes checked, and to provide [Employer] documentation relative to any difficulties which he had driving at night.

8. [Claimant] did not go to get his eyes checked, and did not provide [Employer] with any documentation regarding difficulties driving at night.

9. [Claimant] has passed the Department of Transportation [(DOT)] Eye Tests required for a driving job.

10. The last two months that [Claimant] worked, he drove nine out of thirty-four work days.

11. [Claimant] voluntarily left his employment because he was dissatisfied with the amount of driving which he was required to do.

12. If [Claimant] had not voluntarily left, continuing work was available for him.

(R. Item 10, Referee's Decision and Order, Findings of Fact (F.F.) ¶¶1-12.)  In the decision adopted by the Board, the Referee also credited the testimony of Employer's witness, Mr. Jenkins, and found that Claimant was not credible, stating:

A resolution in this case depends upon an assessment of credibility.  The Referee credits [Employer's] testimony

3

that [Claimant] was hired with the understanding that he would be doing a substantial amount of driving, in addition to managerial work. The Referee finds that the amount of driving which [Claimant] was performing at the end of his employment was not substantial. The Referee does not credit [Claimant's] testimony that he was having any more problems driving at night than any other individual would have. The Referee notes that [Claimant] did not provide any documentation to [Employer] regarding any night vision problems, and that he testified that he had passed the DOT Eye Test.

(*Id*. Discussion at 2.) Claimant timely petitioned this Court for review of the Board's order.[2]

Claimant argues before this Court that the Referee erred in finding that Employer was forthright with Claimant about the amount of driving that would be required of Claimant as a part of his employment.

A claimant who voluntarily terminates his employment has the burden of proving that he had a necessitous and compelling reason. *Philadelphia Housing Authority v. Unemployment Compensation Board of Review*, 29 A.3d 99, 101 (Pa. Cmwlth. 2011). In order to carry his burden, a claimant must demonstrate that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve his employment. *PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 49, 51 n. 1 (Pa. Cmwlth. 1996). An employer's unilateral imposition of a real and substantial

---

[2] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008).

change in the terms and conditions of employment constitutes a necessitous and compelling reason for a claimant to voluntarily terminate employment. *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181, 187 (Pa. Cmwlth. 2015).

In reviewing an unemployment compensation decision, the legal conclusions reached by the Board based on its findings of fact are subject to this Court's plenary review; however, the Board is the ultimate finder of fact, empowered to make credibility determinations and accept or reject the testimony of witnesses, in whole or in part, as well as to weigh the evidence in making its findings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1388 (Pa. 1985). Where supported by substantial evidence, the Board's findings are conclusive on appeal. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). Substantial evidence is such relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Popoleo v. Unemployment Compensation Board of Review*, 777 A.2d 1252, 1255 (Pa. Cmwlth. 2001).

In the instant matter, the Referee found that Claimant was informed that his job would involve driving and that it would involve driving at night. (R. Item 10, F.F. ¶¶3-4.) The Referee credited the testimony of Employer's witness, Mr. Jenkins, who stated that it "was communicated to [Claimant] at the interview that he would be driving at least half the time. His start time was 1:30 a.m. It does involve night driving. During his last two months of work he drove 9 routes out of the 34 workdays." (R. Item 9, H.T. at 7; R. Item 10, Discussion at 2.) The Referee did not credit Claimant's testimony that he "wasn't hired to drive." (R. Item 9, H.T. at 15.) The Referee's findings, adopted by the Board as its own, were based

5

on credible testimony in the record. This credible testimony is such relevant evidence that a reasonable mind might consider as adequate to support a conclusion. Therefore, the Referee's findings are supported by substantial evidence and because the Referee's findings were adopted by the Board, these findings are conclusive on appeal.

Claimant's argument asks this Court to review the testimony before the Referee and make our own findings and credibility determinations, ones which would credit and support Claimant's version of events. What Claimant asks of this Court is not a proper function of our review of unemployment compensation matters. *Tapco v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1109 (Pa. Cmwlth. 1994) (the fact that a claimant may have "a different version of the events, or that [a claimant] might view the testimony differently than the Board, is not grounds for reversal if substantial evidence supports the Board's findings."). Based on the findings of fact made by the Referee and adopted by the Board, Claimant has not met his burden to establish that circumstances existed which produced real and substantial pressure to terminate employment and such circumstances would compel a reasonable person to act in the same manner as Claimant.

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Ames,                                                :
                                                          :
                 Petitioner                               :
                                                          :
        v.                                                : No. 2421 C.D. 2015
                                                          :
Unemployment Compensation                                 :
Board of Review,                                          :
                                                          :
                 Respondent                               :

# **O R D E R**

AND NOW, this 3rd day of June, 2016, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**