# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Lambert,            :
           Petitioner    :
                       :
         v.            :   No.  482 C.D. 2018
                       :   SUBMITTED:  August 31, 2018
Unemployment Compensation   :
Board of Review,           :
           Respondent  :

## OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                           **FILED:  September 28, 2018**

Robert Lambert (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's decision denying him unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law,[1] which provides that an employee is ineligible for benefits during any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." We affirm.[2]

The facts as found by the Board are as follows. From October 2010 to August 2017, Claimant worked full-time as a key holder for Martin's Consignment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] The Board adopted and incorporated all of the referee's findings and conclusions but for Finding of Fact No. 2, which it replaced with its own finding and relevant credibility determination. The facts as found by the Board are conclusive on appeal as long as the record, in its entirety, contains substantial evidence to support those findings. *Popoleo v. Unemployment Comp. Bd. of Review*, 777 A.2d 1252, 1255 (Pa. Cmwlth. 2001). "Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion." *Id.*

and Design, LLC (Employer). His final hourly rate of pay was $10.00. (Finding of Fact "F.F." No. 1.) Although the Board found that the owner frequently became angry and directed his frustration at Claimant, it specifically rejected Claimant's testimony that he ever threatened to hit Claimant with a plate.[3] (Board's Decision at 1.) In any event, even though the owner yelled at Claimant several days before his final separation date, Claimant "decided to continue working for a while." (F.F. Nos. 3 and 4.) A few days thereafter, "[C]laimant quit work before the end of his shift because he found out that a co-worker was being paid more than him and felt that the owner lied to him." (*Id.* at No. 5.)

In his initial claim for benefits, Claimant asserted that he quit for health reasons.[4] The UC Service Center rendered an ineligibility determination, finding that he voluntarily quit because he did not get a raise.[5] Following a hearing at which Claimant and the owner testified, the referee concluded that Claimant failed to prove necessitous and compelling cause for his voluntary quit. The Board affirmed and Claimant's petition for review followed.

A claimant who voluntarily quits bears the burden of proving necessitous and compelling cause for leaving his job. *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

---

[3] At the hearing, there was conflicting testimony as to whether the owner threatened to throw objects. As the ultimate factfinder, the Board is empowered to resolve conflicts in evidence, to assess credibility, and to determine the weight to be accorded to evidence. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1385 (Pa. 1985). Credibility determinations are not subject to re-evaluation on judicial review. *Id.* at 1388. In addition, we are bound to examine the testimony in the light most favorable to Employer as the prevailing party and to afford it the benefit of any inferences that logically can be drawn from the evidence. *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013).

[4] (Certified Record, Item No. 2, Internet Initial Claims Form, ¶¶ 6 and 10.) Even though Claimant averred that he quit for health reasons, he acknowledged that he was not under a doctor's care. (*Id.*, ¶ 15.)

[5] (*Id.*, Item No. 7, Notice of Determination at 1.)

2

In order to show such cause, the claimant must establish that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve [his or] her employment." *Id*. at 660. A determination as to whether necessitous and compelling cause for leaving employment exists is a question of law, subject to our plenary review. *Johnson v. Unemployment Comp. Bd. of Review*, 869 A.2d 1095 (Pa. Cmwlth. 2005).

Although it is challenging to ascertain Claimant's position from his brief, he appears to argue that the Board erred in refusing to accept his health concerns and a hostile work environment as necessitous and compelling cause for his voluntary quit. Turning first to his alleged health concerns, we note that he failed to offer *any* testimony or other evidence regarding those concerns at the hearing before the referee.[6] Accordingly, he waived asserting such grounds on appeal to this Court for failure to preserve the issue at every stage of the proceedings.[7] *Wheeler v. Workers' Comp. Appeal Bd. (Reading Hosp. & Med. Ctr.)*, 829 A.2d 730, 735 (Pa. Cmwlth. 2003).

---

[6] Where a claimant asserts that health concerns constituted necessitous and compelling cause for his voluntary quit, he bears the burden, *inter alia*, to present competent evidence of an adequate health reason justifying termination of employment. *Ridley Sch. Dist. v. Unemployment Comp. Bd. of Review*, 637 A.2d 749, 752 (Pa. Cmwlth. 1994).

[7] To the extent that he asserts health concerns in his appellate brief, this Court may not consider those assertions. *See Sanders v. Workers' Comp. Appeal Bd. (Marriott Corp.)*, 756 A.2d 129, 133 (Pa. Cmwlth. 2000) (appellate briefs are not part of evidentiary record and factual assertions therefrom that are not supported by the record below may not form any action by appellate court); *Rossi v. Unemployment Comp. Bd. of Review*, 675 A.2d 390, 392 (Pa. Cmwlth. 1996) (court may not accept appendices attached to a petitioner's brief that are outside the record).

Turning next to an alleged hostile work environment,[8] we observe that despite the Board's acknowledgement that the owner could direct his anger and frustration at Claimant, Claimant decided to continue working for a while after their final unpleasant interaction. As Claimant testified, the owner yelled at him a few days before his departure but not on his last day. (Certified Record, Item No. 11, Hearing Transcript, Notes of Testimony "N.T." at 6-7.) Regarding that day, Claimant testified that he handed in his key, bid the owner good luck, and voluntarily left his job. (*Id*. at 5-6.) Accordingly, especially given the delay, we agree that Claimant failed to establish a hostile working environment as grounds for his voluntary termination. *See Brunswick Hotel & Conf. Ctr., LLC*, 906 A.2d at 660 (establishing necessitous and compelling cause requires a claimant to show that circumstances existed that produced real and substantial pressure to terminate employment).

Finally, the record supports the Board's determination that the actual event that caused the separation was Claimant's belief that another worker was making more money than he was and that the owner had lied to him about that. Claimant acknowledged the same at the hearing, responding in the affirmative to the referee's query as to whether he quit because the owner lied to him. (N.T. at 13.) In addition, the following colloquy is illustrative:

> Q.  . . . [W]hen you came in that day, did you intend to quit?
>           . . . .

---

[8] To the extent that Claimant testified as to the owner's behavior, we conclude that he preserved the issue of whether an alleged hostile work environment constituted necessitous and compelling cause. *See Schaal v. Unemployment Comp. Bd. of Review*, 870 A.2d 952, 955 (Pa. Cmwlth. 2005) (an issue may be preserved on appeal if it is raised indirectly through testimony at the hearing).

4

C.  No.  I was going to suck it up, work for a little while longer –

R.  So, but something about that conversation made you believe that you needed to quit at that time?

C.  Yes.  [The owner] ended up lying to me.  He told me that me and another employee who has stolen from that store several times to include money deposits at the end of the day.  I used to get blamed for that too.  But, he told me that that person was making the same pay as me, and, I told him how people chat and [the other employee] actually got $11.00 an hour.  He got a raise after he got back from getting fired for stealing.

(*Id*. at 8.)

It is well established that dissatisfaction with wages generally does not constitute necessitous and compelling cause for a voluntary quit.  *See, e.g., Stratford v. Unemployment Comp. Bd. of Review*, 466 A.2d 1119 (Pa. Cmwlth. 1983).  In addition, there is no indication that Claimant attempted to resolve the issue of remuneration before quitting.  *See Brunswick Hotel & Conf. Ctr., LLC*, 906 A.2d at 660 (establishing necessitous and compelling cause requires a claimant to make a reasonable effort to preserve his employment).  As noted, Claimant acknowledged that, on his last day, he merely bid the owner good luck and left before the end of his shift.

Accordingly, we affirm.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Lambert,     :
      Petitioner :
         :
    v.     :  No.  482 C.D. 2018
         :
Unemployment Compensation :
Board of Review,    :
      Respondent :


**PER CURIAM**     **O R D E R**


AND NOW, this 28th day of September, 2018, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.