IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mustapha Dukuly,                :
              Petitioner     :
                                   :
               v.             :     No. 304 C.D. 2022
                                   :     Submitted: September 9, 2025
Unemployment Compensation    :
Board of Review,             :
              Respondent : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                FILED: October 23, 2025

        Mustapha Dukuly (Claimant), *pro se*, petitions for this Court's review of an adjudication of the Unemployment Compensation Board of Review (Board) that assessed a fraud overpayment of $4,290 in Pandemic Unemployment Assistance (PUA) benefits[1] and a fraud overpayment of $9,000 in Federal Pandemic Unemployment Compensation (FPUC) benefits.[2] In doing so, the Board affirmed the decision of the Referee. On appeal, Claimant argues that he had no intent to

---

[1] PUA "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons[.]" Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited October 22, 2025).

[2] FPUC provides an additional $600 weekly payment to individuals "who are collecting regular Unemployment Compensation . . ., as well as the following unemployment compensation programs: . . . Pandemic Unemployment Assistance (PUA)[.]" U.S. Department of Labor and Industry's News Releases, https://www.dol.gov/newsroom/releases/eta/eta20200404 (last visited October 22, 2025).

commit fraud, and, as such, the assessment of fraud overpayments was improper. After review, we affirm the Board.

## Background

The facts, as found by the Referee, are as follows. On April 30, 2020, Claimant filed for PUA benefits as of February 9, 2020, in Pennsylvania after being laid off from his job in Massachusetts. Claimant had worked for Door Dash as an independent contractor until January 2020, when his car was repossessed. Before filing in Pennsylvania, Claimant had been denied regular unemployment benefits by the Commonwealth of Massachusetts.

In April or May 2020, Claimant was found eligible for PUA benefits in Massachusetts and began receiving payments. In May 2020, Claimant also began receiving PUA benefits in Pennsylvania. The benefits awarded in Massachusetts stopped, but he continued to file in Pennsylvania until July 2020, when those payments stopped.

Claimant filed for and received PUA benefits from Pennsylvania for weeks ending February 15, 2020, through July 11, 2020, in the amount of $195 per week. As a result of filing for and receiving PUA benefits, Claimant also received FPUC for weeks ending April 4, 2020, through July 11, 2020, in the amount of $600 per week.

The Pennsylvania Unemployment Compensation (UC) Service Center denied Claimant PUA and FPUC benefits pursuant to Sections 2102 and 2104 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) of 2020, 15 U.S.C. §§9021, 9023, and assessed non-fraud overpayments in the amount of $4,290 and $9,000, respectively. Claimant appealed.

2

In his appeal letter, Claimant claimed that he filed in both states simultaneously "to help avoid eviction from [his] apartment, landlord foreclosures, and loan agents' trouble in these extraordinary and uncertain times." Certified Record (C.R.), Item No. 4 at 5. Claimant also stated that he filed "two unemployment" applications because his "bills were unpaid, [his] car was repossessed, and [he] had to leave [his] house for [a s]helter[.]" *Id*. On his Pennsylvania PUA claim application dated April 30, 2020, Claimant answered "No" to the question: "Have you claimed unemployment insurance benefits within the last 12 months?" C.R., Item No. 1 at 1.

The Referee conducted a telephonic hearing, at which Claimant testified. The Referee upheld the denial of PUA and FPUC benefits and assessed fraud overpayments of these benefits.

The Referee held that Claimant was found eligible and received benefits from Massachusetts but also filed for benefits in Pennsylvania. Because he could not file for benefits in two states simultaneously, Claimant was ineligible for benefits in Pennsylvania. Referee Decision at 4.

Regarding overpayments, the Referee found that Claimant provided conflicting testimony as to whether he was aware that he could not file for benefits in more than one state at the same time. Further, Claimant misrepresented information on his initial claim and stated in his appeal letter that he intended to seek duplicate benefits in order to pay his bills and remedy his financial problems. The Referee did not believe Claimant's testimony that he did not intend to commit fraud. The Referee found that Claimant knowingly failed to disclose material facts in order to receive benefits. Referee Decision at 4.

The Board affirmed the Referee's decision, adopting the Referee's findings and conclusions. Claimant then filed a petition for review with this Court.

**Appeal**

On appeal,[3] Claimant argues that the Referee hearing "was founded on a widespread misunderstanding of the case's origins and mischaracterizations of several key points[.]" Claimant Brief at 1. Claimant explains that he answered "No" on his application to the question "Have you claimed unemployment insurance benefits within the last 12 months?" because he was unfamiliar with the application process; had received no assistance; and had to complete the application at a public library that limited his time on the computer. Claimant Brief at 2 (quoting C.R., Item No. 1 at 1). In short, Claimant claims that his answer "No" to that question was an oversight.

Claimant also argues that his filing for unemployment benefits in two states was due to "erroneous information from a phone conversation [he] had with a Massachusetts unemployment worker," who told him "to apply in Pennsylvania since [he] met the work requirement [there]." Claimant Brief at 2-3. Massachusetts initially denied him benefits due to a lack of sufficient work history in that state. *Id.* at 3. It was only "[a]fter a few months" that Massachusetts "reopened [his] claim" and "started to roll out benefits." *Id.* Claimant "called Pennsylvania to stop [his] application" but was unable to speak with an agent due to the high volume of calls. *Id.* In sum, Claimant argues that he had no intent to commit fraud or to seek duplicate benefits.

---

[3] Our review of the Board's decision determines whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence. *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

In response, the Board argues that its findings are supported by substantial evidence. Claimant answered "No" to the question "Have you claimed unemployment insurance benefits within the last 12 months[,]" which was not true because he had sought benefits in Massachusetts 3 months earlier. C.R., Item No. 1 at 1. Had Pennsylvania known that Claimant had applied for benefits in another state, it would have done an investigation. Further, in Claimant's appeal from the UC Service Center's disqualification determinations, he stated that "[d]ifficult circumstances coerced [him] to file for unemployment in two states to help avoid [his] eviction from [his] apartment, landlord foreclosures, and loan agents' trouble[.]" C.R., Item No. 4 at 5. In sum, Claimant withheld material facts in his application for benefits and did so knowingly. His inexperience with the application process is irrelevant to these findings.

**Analysis**

Section 2102(a)(3)(A)(i) of the CARES Act states that an individual is eligible for PUA benefits if that individual

> is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title.

15 U.S.C. §9021(a)(3)(A)(i). This provision indicates that an individual can only seek benefits from one jurisdiction at a time, thereby preventing the accrual of double benefits. Likewise, Section 402(c) of the Unemployment Compensation Law[4] provides that

---

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(c).

5

[a]n employe shall be ineligible for compensation for any week--

. . . .

(c) With respect to which or a part of which he has received or is seeking unemployment benefits under an unemployment compensation law of any other state or of the United States: Provided, That if the appropriate agency of such other state or of the United States finally determines that he is not entitled to such unemployment benefits, the disqualification shall not apply.

43 P.S. §802(c).

Assessment of PUA overpayments is provided under Section 2102(d)(4) of the CARES Act, which states: "In the case of individuals who have received amounts of pandemic unemployment assistance to which they were not entitled, the State shall require such individuals to repay the amounts of such pandemic unemployment assistance to the State agency[.]" 15 U.S.C. §9021(d)(4).

Likewise, assessment of FPUC overpayments is proper where an individual received funds for which they were not eligible. Section 2104(f)(2) of the CARES Act states: "In the case of individuals who have received amounts of Federal Pandemic Unemployment Compensation . . . to which they were not entitled, the State shall require such individuals to repay the amounts of such Federal Pandemic Unemployment Compensation . . . to the State agency[.]" 15 U.S.C. §9023(f)(2).

Fraud can disqualify an individual for PUA benefits. Section 625.14(i) of the Code of Federal Regulations, which governs disaster unemployment assistance,[5] provides as follows:

---

[5] Section 2102(h) of the CARES Act provides:

(h) Relationship between pandemic unemployment assistance and disaster unemployment assistance

Except as otherwise provided in this section or to the extent there is a conflict between this section and part 625 of title 20, Code of Federal Regulations, such part 625 shall apply to this section as if--

6

(i) Disqualification for fraud. Any individual who, with respect to a major disaster, makes or causes another to make a false statement or misrepresentation of a material fact, knowing it to be false, or knowingly fails or causes another to fail to disclose a material fact, in order to obtain for the individual or any other person a payment of [Disaster Unemployment Assistance (DUA)] to which the individual or any other person is not entitled, shall be disqualified as follows:

(1) If the false statement, misrepresentation, or nondisclosure pertains to an initial application for DUA—

(i) The individual making the false statement, misrepresentation, or nondisclosure shall be disqualified from the receipt of any DUA with respect to that major disaster; and

(ii) If the false statement, misrepresentation, or nondisclosure was made on behalf of another individual, and was known to such other individual to be a false statement, misrepresentation, or nondisclosure, such other individual shall be disqualified from the receipt of any DUA with respect to that major disaster; and

(2) If the false statement, misrepresentation, or nondisclosure pertains to a week for which application for a payment of DUA is made—

(i) The individual making the false statement, misrepresentation, or nondisclosure shall be disqualified from the receipt of DUA for that week and the first two compensable weeks in the Disaster Assistance Period that immediately follow that week, with respect to which the individual is otherwise entitled to a payment of DUA; and

---

(1) the term "COVID-19 public health emergency" were substituted for the term "major disaster" each place it appears in such part 625; and

(2) the term "pandemic" were substituted for the term "disaster" each place it appears in such part 625.

15 U.S.C. §9021(h).

(ii) If the false statement, misrepresentation, or nondisclosure was made on behalf of another individual, and was known to such other individual to be a false statement, misrepresentation, or nondisclosure, such other individual shall be disqualified from the receipt of DUA for that week and the first two compensable weeks in the Disaster Assistance Period that immediately follow that week, with respect to which the individual is otherwise entitled to a payment of DUA.

20 C.F.R. §625.14(i).

The CARES Act provides that individuals who are eligible for various forms of unemployment benefits, including PUA, are eligible for supplemental FPUC benefits. 15 U.S.C. §9023. As FPUC benefits are merely supplemental, eligibility for FPUC necessarily flows from eligibility for some other form of unemployment benefit, such as PUA. *Id.* Thus, where an individual is ineligible for PUA, he is also ineligible for FPUC. *Id.*

Here, the Board adopted the Referee's finding that Claimant withheld material information to obtain benefits in Pennsylvania by answering "No" to the question "Have you claimed unemployment insurance benefits within the last 12 months[.]" C.R., Item No. 1, at 1. Claimant does not dispute that he answered "No" to that question, and he acknowledges that he had applied for benefits in Massachusetts three months before filing for benefits in Pennsylvania. He explains that he was unfamiliar with the application process; received no assistance for the application; and was in a hurry because he used a computer at a public library with a time limit. In other words, Claimant argues that he had no intent to defraud the system when he filled out the application. However, these reasons were not provided in Claimant's appeal from the UC Service Center's determinations. Instead, Claimant explained that "[d]ifficult circumstances" had "coerced [him] to file for

8

unemployment in two states," such as the possibility of eviction by his landlord. C.R., No. Item 4 at 5. Claimant's appeal letter could be construed to mean that his financial problems were so grave that he pursued every avenue in the hopes that he would be successful in either Pennsylvania or Massachusetts. Nevertheless, he kept the money.

The Referee and the Board discredited Claimant's explanation for the false answer on his Pennsylvania application. Referee Decision at 4. Because the Board is the ultimate arbiter of credibility, we will not disturb this finding on appeal. *Popoleo v. Unemployment Compensation Board of Review*, 777 A.2d 1252, 1255 (Pa. Cmwlth. 2001).

## Conclusion

The Board's finding on Claimant's intentions when he filed for PUA benefits in Pennsylvania was supported by substantial evidence and cannot be set aside. We therefore affirm the Board's January 28, 2022, adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mustapha Dukuly,                        :
                        Petitioner      :
                                        :
            v.                          :        No. 304 C.D. 2022
                                        :
Unemployment Compensation               :
Board of Review,                        :
                        Respondent      :

# **O R D E R**

AND NOW, this 23rd day of October, 2025, the adjudication of the Unemployment Compensation Board of Review, in the above-captioned matter, dated January 28, 2022, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita